PER CURIAM.
James Dale Ferrell appeals his judgment and sentence for second degree murder and grand theft. He raises two arguments. While we do not find any merit in his first contention that the trial court erred in denying his motion for judgment of acquittal, we agree with his second assertion that, since he had been previously adjudicated insolvent, the trial court erred in imposing court costs of $10, $2 and $1 against him under sections 960.20 and 943.-25(4) and (8), Florida Statutes (1981), respectively, and in imposing additional costs of $67. See Brown v. State, 427 So.2d 271 (Fla. 2d DCA 1983) (question certified).
In reviewing the judgment and sentence, we note that the court also erred to the extent that it directed that appellant pay as conditions of parole a $2,662 lien for court-appointed counsel, a fine of $952.38, and a surcharge of $47.62 under section 960.25. The Parole and Probation Commission, not the courts, has the sole authority to establish conditions of parole. § 947.-13(l)(b); Brown; Alexander v. State, 425 So.2d 1197 (Fla. 2d DCA 1983).
Accordingly, we remand with directions that the court strike all costs and provide that the lien, fine and surcharge are to be paid, but not as conditions of parole. In all other respects we affirm.
AFFIRMED and REMANDED with directions.
OTT, C.J., and HOBSON and SCHEB, JJ., concur.