PER CURIAM.
John Willis Ingram appeals an order entered after a jury trial which adjudicated him guilty of robbery in violation of section 812.13(1), Florida Statutes (1981), sentenced him to a fifteen-year term of imprisonment, and assessed him with a $1000 fine, a lien for the services of the public defender, and court costs of $81.
Ingram’s initial argument on appeal is that the trial court erred in denying his motions for a mistrial and a new trial due to the prosecutor’s purported reference during his closing argument to Ingram’s failure to testify at trial. A review of the record shows that this point is devoid of merit.
Ingram’s second contention concerns the assessment of the fine, lien, and court costs. The trial court erred in imposing the court costs of $81 inasmuch as he was found to be indigent prior to trial. Brown v. State, 427 So.2d 271 (Fla. 2d DCA 1983) (question certified). Hence, these court costs must be stricken. The court also erred in ordering Ingram to pay the lien and fine as conditions of parole. Ferrell v. State, 437 So.2d 782 (Fla.2d DCA 1983). The fine and lien should be paid, but not as conditions of parole. Id. The Parole and Probation Commission, not the courts, has the exclusive authority to establish conditions of parole. Id.
Accordingly, we affirm the conviction and sentence. However, we remand with instructions to strike the court costs and provide that the lien, fine, and surcharge are to be paid, but not as conditions of parole.[1]
AFFIRMED and REMANDED with directions.
BOARDMAN, A.C.J., and GRIMES and LEHAN, JJ., concur.

. We note that Ingram must also pay a 5% surcharge on the $1000 fine. See §§ 775.0835 and 960.25, Fla.Stat. (1981).