446 So.2d 222 (1984)
Belinda DUGGAR, Appellant,
v.
STATE of Florida, Appellee.
No. AW-54.
District Court of Appeal of Florida, First District.
March 1, 1984.
Michael Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Duggar contends that she was entitled to be sentenced under Florida's new sentencing guidelines, Rule 3.701, Florida Rules of Criminal Procedure, after the trial court revoked her probation. We agree and reverse.
On 21 June 1982, Duggar pled nolo contendere to a charge of attempted aggravated battery. The trial court withheld sentence and placed her on probation for a period of five years.
An affidavit was filed on 17 October 1983 alleging that Duggar had violated the terms of her probation. A hearing was *223 held on 2 November 1983 following which the trial court revoked her probation. Duggar's attorney requested that she be sentenced pursuant to Rule 3.701, Florida Rules of Criminal Procedure. The trial court denied the request and sentenced her to two years imprisonment.
In its opinion adopting Rule 3.701, In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 849 (Fla. 1983), the Florida Supreme Court stated that:
The sentencing guidelines adopted herein will be effective for all applicable offenses committed after 12:01 a.m., October 1, 1983 and, if affirmatively selected by the defendant, to sentences imposed after that date for applicable crimes occurring prior thereto. (Emphasis added)
In urging that Duggar was not entitled to be sentenced under the rule, the State asserts that she was sentenced when she was initially placed on probation and that she therefore is not entitled to the election provided by the rule. This assertion is without merit. When a defendant is placed on probation, the trial court must stay and withhold imposition of sentence. Section 948.01(3), Florida Statutes (1983). In this case, therefore, Duggar was not sentenced until probation was revoked on 2 November 1983, and she was thus entitled to elect sentencing under the guidelines.
Moreover, Committee Note (c) to Rule 3.701 states unequivocally:
If a defendant is to be sentenced for a probation violation, and the sentencing judge elects to revoke probation, the new sentence must be in accordance with the guidelines.
Although the Committee Notes to the Florida Rules of Criminal Procedure have not been adopted by the Florida Supreme Court, we find them highly persuasive in arriving at the proper construction to be placed on the rules. Therefore, we hold that a defendant placed on probation prior to 1 October 1983 whose probation is revoked after that date must be sentenced in accordance with Rule 3.701 if the defendant so elects.
The sentence is vacated and the cause remanded to the trial court for resentencing under the guidelines.
WENTWORTH and BARFIELD, JJ., concur.