452 So.2d 958 (1984)
Coye Elliott BOYETT, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2352.
District Court of Appeal of Florida, Second District.
July 11, 1984.
*959 Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This appeal involves the question of whether the sentencing guidelines are applicable to a sentence imposed upon a revocation of probation after the effective date of the guidelines when the original probation order predated the guidelines.
On August 17, 1982, defendant was found guilty by a jury of the unlawful possession on April 17, 1982, of a short-barreled shotgun in violation of section 790.221, Florida Statutes (1981). On September 29, 1982, the trial judge adjudicated appellant guilty and placed him on five years probation with the condition that he serve 360 days in jail with credit for time served. Appellant's conditional prison term was completed in June, 1983. On August 5, 1983, he was charged by affidavit with violations of probation on July 22, 1983, and July 30, 1983.
The sentencing guidelines became effective on October 1, 1983. At appellant's hearing on October 27, 1983, he pled guilty to the probation violations and opted to be sentenced under the guidelines. In the course of the hearing, the trial judge was informed that appellant also was currently on probation for aggravated battery in Miami. The judge considered a sentencing guidelines scoresheet which resulted in a recommended sentence of "any nonstate prison sanction." However, the judge sentenced appellant to three years in state prison. In doing so, he noted as "Reasons for departure," that appellant had been on probation before for aggravated battery, had a "Drinking problem/Threat to Society," and had already served approximately one year in jail as a condition of the probation he was charged with violating. Appellant contends that the court improperly departed from the sentence recommended under the guidelines.
Though not raised below, the state first contends that the sentencing guidelines were totally inapplicable because the appellant was placed on probation before October 1, 1983. Thus, since appellant was "sentenced" when he was originally placed on probation, the state reasons that the three year prison term imposed upon the revocation of probation simply constituted a "resentencing." The state's position also gains some support from section 948.06(1), Florida Statutes (1983), which provides that upon revocation of probation, the court may "impose any sentence which it might have originally imposed before placing the probationer or offender on probation." Nevertheless, we do not accept these arguments.
In the first place, it is difficult to see how it can be said that appellant was "sentenced" to probation when section 948.01(3), Florida Statutes (1983), provides that in placing a defendant on probation the court shall "withhold the imposition of sentence." In any event, section 921.001(4)(a), Florida Statutes (1983), unequivocally provides that the sentencing guidelines "shall be applied ... to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced" under the guidelines. The sentencing of persons on probation was not excluded from the ambit of the statute. See also Committee Note (c) to Florida Rule of Criminal Procedure 3.701 which contemplates that one whose probation is revoked should be sentenced under the guidelines.[1]
*960 There had to be a cutoff date after which the guidelines would be applied. This comprehensive legislation which so drastically affects sentencing in Florida necessarily overrides any inconsistency which may remain in section 948.06(1). Since appellant was sentenced after October 1, 1983, he was entitled to be sentenced under the guidelines. Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984). In arriving at this decision, we are comforted by the knowledge that our sister court reached the same conclusion in Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984).
In deliberating upon the merits, we believe the trial judge stated clear and convincing reasons to depart from the sentencing guidelines. Appellant was also currently on probation for aggravated battery, and this had not been considered in the guideline calculations. Moreover, it was reasonable to conclude that appellant should not merely be put back on probation or sent to county jail for a term which could not exceed one year because he had already served 360 days as a condition of a probation which was now being revoked.[2]
We also address appellant's argument that the trial judge erred in imposing a public defender lien as a condition of parole. We agree. A trial court may not set conditions of parole. Ingram v. State, 442 So.2d 404 (Fla. 2d DCA 1983). However, since we hold that appellant was properly sentenced under sentencing guidelines, he is not entitled to parole, section 921.001(8), Florida Statutes (1983), and the issue is moot.
In view of Judge Campbell's position and the fact that many others placed on probation before October 1, 1983, may now be faced with the consequences of a revocation, we certify to the supreme court as a question of great public importance:
IS A DEFENDANT WHO WAS PLACED ON PROBATION BEFORE OCTOBER 1, 1983, ENTITLED TO ELECT TO BE SENTENCED UNDER THE SENTENCING GUIDELINES AFTER OCTOBER 1, 1983, UPON A REVOCATION OF HIS PROBATION?
AFFIRMED.
BOARDMAN, A.C.J., concurs.
CAMPBELL, J., concurs in part; dissents in part.
CAMPBELL, Judge, concurring in part and dissenting in part.
I concur with the majority's opinion that the trial judge stated clear and convincing reasons to depart from the sentencing guidelines. I also agree that a trial judge cannot impose conditions of parole where parole is applicable. I respectfully disagree with my colleagues' conclusion that sentencing guidelines are applicable to a sentence imposed after October 1, 1983, for violation of a term of probation that was imposed prior to October 1, 1983. I, therefore, do not receive the same comfort as they do in relying on Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984).
I would hold, in conflict with Duggar, that sentencing guidelines are not applicable to a sentence imposed after October 1, 1983, as a result of revocation of probation that was imposed prior thereto. Neither sections 921.001 or 921.005, Florida Statutes (1983), or Rule 3.701 make specific reference to that circumstance. Admittedly, section 921.001(4)(a) provides that guidelines shall be applied to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs thereafter when the defendant affirmatively selects the guidelines.
*961 I could engage in some speculation and debate as to whether sentencing in the content of section 921.001 and Rule 3.701 occurs when a defendant is placed on probation. Duggar held that it does not, citing section 948.01(3), Florida Statutes (1983). However, as a result of "sentencing guidelines," probation will often be imposed and thus, under the guidelines, equate to a "sentence." Rule 3.701 b seems to contemplate that all dispositions under the guidelines in fact equate to a "sentence" when it refers to the "sentence decision-making process." The concept of probation as a "sentence" under the guidelines is further supported by the contrast of "incarcerative sanctions" referred to in Rule 3.701 b7. Further, Florida Rule of Criminal Procedure 3.710 makes reference to "sentences other than probation." In Duggar, adjudication of guilt had been withheld when probation was imposed prior to October 1, 1983, whereas here, appellant was adjudicated guilty at that time. I see no significance in that distinction, however.
I conclude that it is not necessary to speculate on the accurate definition of "sentencing," because in enacting sections 921.001 and 921.005, the legislature did not amend or, in any way, alter the provisions of chapter 948, Florida Statutes (1982). Section 948.06(1), which Duggar does not address, specifically provides that when probation is revoked, the court may "impose any sentence which it might have originally imposed before placing the probationer on probation."
When appellant was placed on probation, sentencing guidelines were not in effect. The trial judge placed appellant on probation as an alternative to other punishment available to the trial judge at that time. Section 948.06(1) is not only still viable, it is logical. A trial judge should not be forced to alternatives that limit him after violation of probation to methods of punishment more restrictive than existed when he afforded the defendant the alternative of probation.
NOTES
[1] The supreme court recently approved an amendment to the rule which specifically provides that sentences imposed after revocation of probation should be in accordance with the guidelines. The Florida Bar: Amendment to

Rules of Criminal Procedure (3.701, 3.988-Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).
[2] As a consequence of such an anomaly, the supreme court has now approved the amendment of rule 3.701 to include subsection (d)(14) which reads in part:

The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next highest cell (guidelines range) without requiring a reason for departure.
Id. at 827.