DAUKSCH, Judge.
This is an appeal from a sentence. Appellant contends, and we agree, that he was entitled to be sentenced in accordance with the sentencing guidelines because the sentencing occurred after October 1, 1983 and he elected to be sentenced under the guidelines. The fact that appellant was first put on probation and then returned for his sentence for violating the probation does not alter the fact that the guidelines must be followed. Lest the reader be confused by the dissenting opinion, this case does not involve a departure from the sentencing guidelines. This case only involves a judge’s refusal to follow Florida Rule of Criminal Procedure 3.701. The point on appeal as worded by appellant is “The trial court erred by failing to apply sentencing guidelines to appellant’s sentences upon revocation of probation.” The state, in its brief says, “Specifically, Appellant contends that the court below erred in finding the guidelines rule inapplicable to sentences imposed following the revocation of probation imposed prior to the effective date of that rule, and he asks the Court to reverse the instant sentence and direct the trial court to impose sentence in accordance with the guidelines.” The parties throughout this appeal address only the question as to whether the guidelines apply to a pre-guidelines probationer. At the sentencing hearing the trial judge was told by the defendant’s lawyer that the defendant elected to be sentenced under the guidelines. A more complete reading of the proceedings from the transcript follows:
THE COURT: Call your next case, Mr. State Attorney.
MR. DUNNING: Cases of the State of Florida versus Jerry Lee Mack, Cases Number 81-570 and 571.
THE COURT: State of Florida versus Jerry Lee Mack, Case Number 81-570 and in Case Number 81-571. This Defendant, Jerry Lee Mack, being personally before this Court, and having been represented by Assistant Public Defender, Jill Brown, and having entered pleas of guilty to the crimes set forth in Count I, Case Number 81-570, Burglary of a Dwelling, second degree felony; and as to Count II in Case Number 81-571, Grand Theft, I’ll give you an opportunity at this time to offer any matters which you may have either in legal bar or preclusion of sentence or in mitigation thereof.
MISS BROWN: Well, the Defendant does elect to be sentenced pursuant to the sentencing guidelines.
State has previously furnished me with a score sheet indicating a total score of 34, any non-state prison sanction. I agree with the score of the State.
*349 And would say in the behalf of the Defendant, I believe that there was some — or there were, not believed, other charges filed against the defendant; those were nol-prossed. He’s done well, Judge Perry. He recognizes the error of his ways. And I would request that the Court continue his probation.
THE COURT: Well, let me ask you, Madam Public Defender, Mr. State Attorney, do you believe that when the charge is in effect a violation of the probationary conditions imposed in 1981, that this defendant has the right to elect to be sentenced under the guidelines?
MISS BROWN: I’d say that pursuant to the comment made under the sentencing guidelines, that violations of probation are to have the benefit of the sentencing guidelines. I’m not sure, Judge. You know, we don’t have any law on it. So I’m only going by the comment in the sentencing guidelines.
THE COURT: Mr. State Attorney?
MR. DUNNING: Of course, the comments themselves are not part of the guidelines, they are merely advisory. I know that Division J takes the position that violations of probation are not subject to the sentencing guidelines in the instance such as that which we have here, and that would be the position that the State will take in this case. The sentencing here, for all practical purposes, would relate back to 1981 when he was originally placed on probation. And the Court is doing nothing more now than imposing a sentence that it could have imposed back then.
THE COURT: Put him on a straight probation and asked him to get his GED, on the 18th of December, and he’s already in trouble by July of the next year.
What was the disposition of the burglary charges which he was arrested on in 1983?
MISS BROWN: They were nol-prossed.
THE COURT: Madam Public Defendant [sic], I think your record is made. Mr. Mack has not demonstrated, in my judgment, sufficient willingness to merit my consideration under the guidelines. I, too, believe that this is a sentence which I might have imposed in 1981, and which I told the defendant at that time that if he did not live up to the terms and conditions of his probation, I would in fact revoke his probation and adjudicate him guilty and impose any sentence which I might have imposed before. Therefore, I am not going to sentence him under the guidelines with regard to the scores indicating non-state prison sanctions.
. Anything else that you want to tell me?
MISS BROWN: No, sir.
The court then proceeded to sentence defendant to a sentence in disregard of the guidelines.
The dissent may choose to read the transcript differently but neither we, nor the trial judge, nor the lawyers have had any question about the issue to be decided. As the Committee Note (c) instructs “If a defendant is to be sentenced for a probation violation, and the sentencing judge elects to revoke probation, the new sentence must be in accordance with the guidelines.” See also O’Brien v. State, 454 So.2d 675 (Fla. 5th DCA 1984); Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984).
We agree with Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984) which is squarely on point.
Sentence vacated; remanded.
SHARP, J., concurs.
COWART, J., dissenting with opinion.