COBB, Chief Judge.
In this case, the trial judge revoked the defendant’s probation which had commenced in July of 1982, and imposed sentence in November, 1983, without utilizing the sentence guidelines, which the trial judge found to be inapplicable on the basis that the sentence related back to the time probation was imposed. This approach is reflected in the dissenting opinion of Judge Campbell in Boyett v. State, 452 So.2d 958 (Fla. 2d DCA 1984). This court, however, previously has adopted the Boyett majority view. See Mack v. State, 458 So.2d 347 (Fla. 5th DCA 1984); Rutlin v. State, 455 So.2d 1347 (Fla. 5th DCA 1984); O’Brien v. State, 454 So.2d 675 (Fla. 5th DCA 1984); Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984). The First District Court of Appeal also agrees with Boyett. See Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984).
On authority of the foregoing cases, we vacate the sentence imposed and remand for sentencing in accordance with the sentencing guidelines. See In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983).
SENTENCE VACATED; REMANDED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.