464 So.2d 672 (1985)
Michael Scott IRVING, Appellant,
v.
STATE of Florida, Appellee.
No. 84-255.
District Court of Appeal of Florida, Fifth District.
March 7, 1985.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Division, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant appeals from sentences which he contends were illegally imposed under the sentencing guidelines,[1] following his plea of guilty to various charges. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(b)(1), and we reverse.
Defendant plead guilty to one count of kidnapping, two counts of sexual battery, and one count of simple battery, all of which the State charged he had committed on June 13, 1983. The sentences imposed are within the range recommended on the guidelines scoresheet, but defendant contends that he never elected to be sentenced under the guidelines, and that absent such election, the guidelines sentences cannot be imposed here.
Section 921.001(4)(a), Florida Statutes (1983) specifically makes the guidelines applicable to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital and life felonies, committed prior to October 1, 1983, where sentencing occurs after that date "when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act." There is nothing in the record here indicating either an oral or written selection by the defendant to be *673 sentenced under the guidelines. Because the crimes were committed prior to October 1, 1983, absent such selection, the guidelines sentences entered here were improper. The sentences are hereby vacated and the cause is remanded to the trial court for resentencing.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.701.