DAUKSCH, Judge.
Appellant appeals from an order revoking his probation and the imposition of a departure sentence. He has raised three points on appeal only one of which has merit. Appellant contends that he was illegally sentenced under the guidelines without his election. After pleading guilty to sexual battery, appellant was originally sentenced on July 18, 1978. While on probation for that crime, appellant committed a subsequent sexual battery on October 18, 1982. At the revocation hearing the court found that appellant violated the conditions of his probation by committing the latter sexual battery but stated that he had to be sentenced under the guidelines even though both crimes occurred prior to October 1, 1983, the effective date of the guidelines. See § 921.001(4)(a), Fla.Stat. (1983); Rule 3.701, In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983). This was error. When a defendant is placed on probation prior to October 1, 1983 and his probation is revoked after that date, the defendant must affirmatively elect to be sentenced under the guidelines for them to apply. See Smith v. State, 465 So.2d 1372 (Fla. 2d DCA 1985); Jordon v. State, 460 So.2d 477 (Fla. 2d DCA 1984); Mack v. State, 458 So.2d 347 (Fla. 5th DCA 1984); Boyett v. State, 452 So.2d 958 (Fla. 2d DCA 1984) Aff'd. State v. Boyett, 467 So.2d 997 (Fla.1985); Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984). See also Irving v. State, 464 So.2d 672 (Fla. 5th DCA 1985).
The order revoking appellant’s probation is affirmed. The sentence is hereby vacated and the cause is remanded to the trial court for resentencing.
AFFIRMED in part; REVERSED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.