JOANOS, Judge.
Davis appeals the imposition of guidelines sentences totalling 15 years (actually consecutive ten and five year sentences and four concurrent five year sentences) in which the trial court used the habitual offender statute, Section 775.-084(4)(a), to exceed the statutory maximum sentence as to one offense and also as a clear and convincing reason to exceed the recommended guidelines sentence. We affirm. The sentences are not in violation of Section 921.001(5), providing that “Sentences imposed by trial judges must be in all cases within any relevant minimum and maximum sentence limitations provided by statute and must conform to all other statutory provisions,” or of Fla.R.Crim.P. 3.701(d)(12), providing “Sentences for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guidelines senience unless a written reason is given.”
Appellant has pointed out that one of the four concurrent five year sentences, imposed in Case No. 83-1879, in which the offense occurred before October 1, 1983, was treated under the guidelines even though the record contains no evidence of an affirmative selection to be treated under *1155 the guidelines in that ease. Appellant is correct, but in this case as in Tillman v. State, 466 So.2d 20 (Fla. 2d DCA 1985), it appears “[n]o purpose would be served to order resentencing since the court obviously intended to impose the maximum penalties permitted by law,” therefore we remand for correction of the record to show that the sentence in Case No. 83-1879 was not imposed under the guidelines.
AFFIRMED and REMANDED for correction of record.
ERVIN and BARFIELD, JJ., concur.