HALL, Judge.
Ray Vincent Thomas appeals his guidelines sentence and the revocation of his probation. We affirm in part and reverse in part.
Appellant was convicted of battery on a police officer and placed on two years’ probation on September 19, 1983. On December 5, 1983, he was arrested for aggravated assault, battery on a police officer, possession of a firearm by a convicted felon, carrying a concealed firearm, and resisting arrest with violence. He was ultimately convicted and sentenced to sixty days for assault and one year for resisting arrest without violence. Appellant’s probation was revoked, and he was sentenced to three and a half years’ imprisonment for his original offense. All of his sentences were to run concurrently.
Appellant contends that his probation was improperly revoked because there was no evidence that he committed a crime during his probationary period. We do not agree.
Appellant argues as his second point on appeal that his sentence under the guidelines was error. He contends that his original offense was committed prior to the effective date of the guidelines and that he did not affirmatively select to be sentenced within the guidelines. We agree.
Section 921.001(4)(a), Florida Statutes (1983), provides that crimes committed prior to October 1, 1983, are subject to the sentencing guidelines only if the defendant affirmatively selects to be sentenced under them. In Re Rules of Criminal Procedure, 439 So.2d 848 (Fla.1983). Mere silence at sentencing is not an affirmative selection. Kimsey v. State, 467 So.2d 333 (Fla. 2d DCA 1985). Rather, “there must be a clear and unequivocal choice made on the record.” Jordan v. State, 460 So.2d 477, 478 (Fla. 2d DCA 1984). The record in this case reveals no such affirmative choice by appellant. Consequently, the trial court erred in sentencing him under the guidelines for his original offense.
Accordingly, we reverse appellant’s sentence for the original offense of battery on a police officer and remand for resentenc-ing. Appellant may then affirmatively select to be sentenced under the guidelines.[1] If he does not, the trial court must sentence appellant according to the laws in effect prior to the adoption of the guidelines.
*822 We affirm the judgment in all other respects.
SCHEB, A.C.J., and CAMPBELL, J., concur.

. A defendant placed on probation before October 1, 1983, is entitled to be sentenced under the guidelines upon revocation of his probation after October 1, 1983. State v. Boyett, 467 So.2d 997 (Fla.1985).