PER CURIAM.
Kaymore seeks reversal of his sentence which was a departure under the guidelines, thereby removing the sentence from parole consideration. The substantive offense occurred prior to the effective date of the guidelines and Kaymore did not affirmatively ask to be sentenced under the guidelines. Under these circumstances, we normally would reverse and remand for resentencing. Irving v. State, 464 So.2d 672 (Fla. 5th DCA 1985); Favors v. State, 473 So.2d 815 (Fla. 2d DCA 1985). In this case, however, the record reveals that the trial court obviously would have imposed the maximum statutory penalty in any event, and no purpose would be served by resentencing. See Davis v. State, 478 So.2d 1154 (Fla. 1st DCA 1985); Tillman v. State, 466 So.2d 20 (Fla. 2d DCA 1985). Accordingly, we affirm the sentence but remand with directions to correct the record to reflect that appellant was not sentenced under the guidelines.
AFFIRMED and REMANDED for correction of the record.
COBB, C.J., and ORFINGER and SHARP, JJ., concur.