487 So.2d 1104 (1986)
Maria DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1071.
District Court of Appeal of Florida, Fifth District.
April 3, 1986.
Rehearing Denied April 24, 1986.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Davis appeals from a fifteen year sentence she received for attempted second degree murder after her probation for that offense was revoked, and a twenty-five year sentence for second degree murder. We agree error occurred in the sentencing and we therefore vacate the sentences and remand for resentencing.
With regard to the first sentence, the offense for which Davis was convicted occurred in 1976. She committed the second offense in 1984 while she was still on probation for the first offense. Although the judge at sentencing thought he was imposing a guidelines sentence, the record *1105 fails to show that Davis affirmatively elected to be sentenced under them for this offense. An affirmative election by the defendant is required to make the guidelines applicable in such a case. Ames v. State, 470 So.2d 94 (Fla. 5th DCA 1985). Further, we cannot say that the trial court obviously would have imposed the maximum statutory penalty (as he did in this case) in any event. Compare Kaymore v. State, 482 So.2d 581 (Fla. 5th DCA 1986).
With regard to the second sentence, the trial judge imposed a twenty-five year term, which was a "departure"[1] upwards by two brackets. In explaining the departure sentence, the judge gave the following reasons:[2]
1. Defendant has a substantial record of prior convictions of the law, violations dating from 1971.
2. Defendant has displayed to the court the inability to conform to probation and to obey the laws of society.
3. In view of the defendant having been on probation and committed this offense that she is not amenable to probation.
4. Further that the offense for which the defendant is being sentenced involves the use by her of a dangerous weapon.
5. Defendant's prior history of assaultive and violent behavior establishes a pattern of conduct that renders her a continuing and serious threat to the community.
The first four reasons are insufficient to support a departure sentence, since they are based on Davis' prior record,[3] facts inherent in the crime itself, and violation of probation (which was already included as a factor in Davis' scoresheet and which in any event would only support a one bracket increase).[4] We cannot say that beyond a reasonable doubt, the trial judge would have sentenced Davis to the twenty-five year term without considering the four invalid reasons. Albritton v. State, 476 So.2d 158 (Fla. 1985).
VACATE SENTENCES; REMAND FOR RESENTENCING.
UPCHURCH, J., concurs.
COBB, C.J., concurs in part; dissents in part, with opinion.
COBB, Chief Judge, concurring in part; dissenting in part.
I concur in vacating the twenty-five year sentence for second degree murder in regard to the 1984 offense. But I would affirm the fifteen-year sentence for the 1976 conviction because the record before us reveals that the trial judge intended to impose the maximum sentence for that. He recited a number of reasons  violation of probation, use of a dangerous weapon, history of violent behavior, etc.  to justify departure and, upon confirming that the maximum sentence was fifteen years, he immediately imposed it. A remand for resentencing in regard to that offense serves no useful purpose; we should merely affirm the sentence and remand with directions to correct the record to reflect that the fifteen-year sentence was not imposed under the guidelines. See Kaymore v. State, 482 So.2d 581 (Fla. 5th DCA 1986).
NOTES
[1] Fla.R.Cr.P. 3.701(d)(11).
[2] In this case the trial judge had his five reasons for the departure sentence typed and attached to the sentencing scoresheet. They are titled "Aggravating Circumstances." However, they are not signed. In view of State v. Jackson, 478 So.2d 1054 (Fla. 1985) and Boynton v. State, 473 So.2d 703 (Fla. 4th DCA), approved, 478 So.2d 351 (Fla. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986), the reasons for departure sentences should preferably be in the form of an order, or at least be acknowledged by the judge's signature.
[3] See Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
[4] Fla.R.Cr.P. 3.701(d)(14); Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985).