SHARP, Judge,
concurring specially.
The trial judge sentenced Hale to the maximum possible statutory sentence — fifteen years. It was a departure of seven brackets beyond the recommended guidelines sentence, had they been affirmatively elected and applicable.
In this case, the trial judge gave the following written reasons for his departure sentence, since he thought he was obligated to render a guidelines sentence:
(1) Same offense — flagrant disregard for probation
(2) Same M.O. as in 1982/83
*94 (3) No evidence of remorse or rehabilitation
(4) Incredible testimony — obviously not telling the truth
(5) Same story used in 1983
(6) Stolen property recovered from 4 burglaries
Some of the reasons are duplicative. As a whole, they would not support the extent of the trial judge’s departure, under case law interpretation of the guidelines,[1] but these cases were rendered after the sentence in this case.
Under these circumstances, it is not clear to me that the trial judge would have imposed the maximum statutory sentence in a non-guidelines case. This case can therefore be distinguished from Kaymore v. State, 482 So.2d 581 (Fla. 5th DCA 1985). I think this case should be remanded for resentencing. Irving v. State, 464 So.2d 672 (Fla. 5th DCA 1985); Hart v. State, 464 So.2d 592 (Fla. 2d DCA 1985).

. See Hendrix v. State, 475 So.2d 1218 (Fla.1985); Burke v. State, 483 So.2d 404 (Fla.1985); Edwards v. State, 482 So.2d 553 (Fla. 2d DCA 1986); Parker v. State, 481 So.2d 560 (Fla. 5th DCA 1986); Pilgrim v. State, 480 So.2d 688 (Fla. 5th DCA 1985); Sloan v. State, 472 So.2d 488 (Fla. 2d DCA 1985).