488 So.2d 903 (1986)
Edward Thomas RIDDLE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1467.
District Court of Appeal of Florida, Fifth District.
May 22, 1986.
*904 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence. Defendant was convicted of grand theft of a motor vehicle. His sentencing guidelines scoresheet totalled twenty-nine points. Of these twenty-nine points, six points were scored for legal constraint or defendant's legal status at the time of the offense because he was on probation at the time of the offense. His recommended sentence under the guidelines was "any non-state prison sanction." The trial court departed from the guidelines and sentenced defendant to three years in prison. The departure from the guidelines resulted in a two-cell upwards departure. For its reasons for departure, the trial court gave:
Defendant's past juvenile record which was not scored; was on probation in another case at the time of offense, defd. already been given a break in adult court by being placed on probation.
Defendant contends that his probationary status at the time of the offense is an invalid reason for departure. We agree. Although there is no showing that the probation was revoked, even if the departure had been based on a revocation the sentence imposed because of revocation must be within the original cell or the next higher cell. Fla.R.Crim.P. 3.701(d)11. See Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985). Also, a defendant's probationary status at the time of the offense constitutes an invalid reason for departure because that factor is already scored under "legal constraint." Davis v. State, 487 So.2d 1104 (Fla. 5th DCA 1986); Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985).
As to the trial court's first reason for departure, a defendant's juvenile record may be considered a valid reason for departing from the guidelines. Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984). Because it may not be said beyond a reasonable doubt that the trial judge would have sentenced the defendant to a three-year term based only upon his juvenile record, the sentence is vacated and this cause remanded for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985).
SENTENCE VACATED; CAUSE REMANDED.
COBB, C.J., and ORFINGER, J., concur.