PER CURIAM.
The appellant, Michael Roberson, challenges his judgments and sentences for burglary and grand theft imposed after his probation revocation hearing. We affirm the judgments, but reverse the sentences.
In February 1983, the appellant was charged in case number 88-2461 with burglary and grand theft. Adjudication was withheld and appellant was sentenced to five years probation on both charges concurrently. In March 1985, the appellant was charged in ease number 85-1469 with grand theft. Adjudication was again withheld and appellant was sentenced to five years probation concurrent with the probation in case number 83-2461. Upon violation of his probation, the appellant was sentenced to two years in prison in case number 83-2461 followed by two years community control in ease number 85-1469. The appellant filed a timely notice of appeal.
First, the appellant claims that he should have been permitted to elect between guidelines and nonguidelines sentencing upon revocation of his probation. In connection with case number 83-2461, we agree. A defendant has the right to elect guidelines sentencing if the felony offenses for which the defendant is being sentenced occurred before the effective date of the guidelines. See § 921.001(4)(a), Fla.Stat. (1983); Wahl v. State, 568 So.2d 1303 (Fla. 2d DCA 1990), rev. denied, 576 So.2d 291 (Fla.1991). The appellant was charged in case 83-2461 prior to the effective date of the guidelines and, therefore, should have been sentenced pursuant to the guidelines only if he affirmatively elected to do so. Since there was no discussion in the trial court regarding such an election, the case should be reversed and remanded for resentencing to afford the appellant the opportunity to elect his preferred sentencing procedure.
Next, the appellant contends that the trial court improperly departed from the sentencing guidelines recommended range without providing written reasons for the departure when it sentenced appellant to two years in prison followed by two years community control. We agree that the imposition of both sentences represented a departure from the recommended guidelines sentence of any nonstate prison sanction up to community control or thirty months incarceration with the application of the one cell bump. See State v. VanKooten, 522 So.2d 830 (Fla.1988). The case should therefore be remanded for resentencing within the guidelines.
We also agree with the appellant’s last contention that the trial court erred in failing to enter a written order specifying the probation violations found. When a court finds that a probationer has violated his probation, it must enter a formal order setting forth the conditions that it finds were violated. Donley v. State, 557 So.2d 943 (Fla. 2d DCA 1990). Upon remand, the trial court should enter a proper probation violation order.
We, accordingly, affirm the judgments in both cases but reverse and remand the sentences with directions to permit the appellant to elect his preferred sentencing procedure as to case number 83-2461, to resentence appellant within the guidelines and to enter a proper probation violation order.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, A.C.J., and ALTENBERND and BLUE, JJ., concur.