ORFINGER, J.
 

 Shannon Shaw appeals the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. The motion raised two grounds for relief premised on allegations of ineffective assistance of counsel. We affirm the denial of Shaw’s first claim, alleging that his trial counsel was ineffective to address the State’s discovery violation, without discussion. We find that Shaw’s second claim is not conclusively refuted by the record and must be resolved after an evidentiary hearing.
 

 In 1981, Shaw was placed on six years probation after pleading no contest to the offense of burglary of a dwelling. In June 1986, a warrant for violation of probation (“VOP”) was filed based upon Shaw’s arrest and conviction for crimes committed in Ohio. In 2008, after being released from prison in Ohio and returning to Florida to face the VOP charges, Shaw admitted that he violated his probation, and was sentenced to fifteen years in the Department of Corrections (“DOC”). Shaw appealed and this Court affirmed the judgment and sentence.
 
 Shaw v. State,
 
 993 So.2d 539 (Fla. 5th DCA 2008).
 

 Shaw then filed the instant rule 3.850 motion. Shaw’s second claim asserted that his trial counsel was ineffective for failing to elect a guidelines sentence and object to the trial court’s departure from the guidelines. The trial court denied the claim without a hearing. Under rule 3.850, a defendant is entitled to an evidentiary hearing unless the record conclusively refutes the defendant’s claims.
 
 Harich v. State,
 
 484 So.2d 1239, 1240 (Fla.1986).
 

 Because Shaw was placed on probation before October 1, 1983, he was entitled to be sentenced under the guidelines upon revocation of his probation after October 1, 1983, provided that he affirmatively elect
 
 *900
 
 ed a guidelines sentence.
 
 [1]
 

 See Ames v. State,
 
 470 So.2d 94, 95 (Fla. 5th DCA 1985) (explaining that when defendant is placed on probation prior to October 1, 1983, effective date of sentencing guidelines, and his probation is revoked after that date, defendant must affirmatively elect to be sentenced under guidelines for them to apply). It is unclear from the limited record whether Shaw’s counsel made that election. At the VOP hearing, the following transpired:
 

 THE COURT: The maximum possible penalty is — State?
 

 [THE STATE]: Beats me. This is so old.... But I have not prepared a score sheet because I’m not aware that one exists.
 

 [DEFENSE COUNSEL]: This case predated score sheets.
 

 [THE STATE]: Yes. That is our view.
 

 [DEFENSE COUNSEL]: So that’s why there’s no score sheet there....
 

 THE COURT: So the maximum is 15 years.
 

 [DEFENSE COUNSEL]: Right. But — and I — from the — I’ve tried to do some research to — to figure out, you know, how that applies and I believe — I mean, I’m not really clear on it, but I believe that if — that Mr. Shaw can elect to be sentenced under one of the guidelines. But I’m hoping we don’t even get to that because my — my goal here today is to ask the Court for some — some jail time or time — not time served, but some jail time, and revoke and then terminating this — this probation ....
 

 So all I’m asking is that if we were to select a — a score sheet of guidelines to be sentenced under, which I believe he has the — the right to do, under the-the 3.988, he would score, for this second— degree felony, 30 points.
 

 And then if — if we — if we’re looking at that — thank you — on the — the original sentence would have — I mean, the original points would have been somewhere between 20 and 46. A bump up from that would put him into the recommended range of 12 to 30 months incarceration, community control, or 12 to 30 months, or any non — or in the permitted range, any non-state prison sanction or community control or one to three-and-a-half years of incarceration. So I’m suggesting that with an election for these guidelines, that the permitted range would be, tops, three-and-a-half years of incarceration for this 1981 case.
 

 [THE STATE]: Judge, can I just say that — as the argument recognizes, it’s simply a — a policy argument, the rules don’t apply ....
 

 THE COURT: Well ...
 

 THE DEFENDANT: I’m 57 years old. I’ve got a chronic heart condition, so I can go with the three-and-a-half.
 

 THE COURT: All right. I do revoke, terminate, adjudicate. I do find,
 
 *901
 
 based on your history, that you are a threat to society, that you’re not able to control yourself, and so I sentence you to the maximum, which is 15 years in prison, which is 180 months less credit for time served of 120 days.
 

 Thank you very much.
 

 [DEFENSE COUNSEL]: Judge, I would object to that sentence for the record. The State has not — and I can guess if he can share with me the rap sheet but I would just object for the record to the sentence.
 

 (Emphasis added).
 

 In denying the rule 3.850 motion, the trial court found that Shaw’s counsel had elected a guidelines sentence, but that the court imposed an upward departure. On the limited record before us, we cannot determine if Shaw elected to be sentenced under the 1983 guidelines and, if so, whether the court imposed a valid upward departure sentence.
 
 [2]
 

 See Ames,
 
 470 So.2d at 95;
 
 see also Roberson v. State,
 
 633 So.2d 1134, 1135 (Fla. 2d DCA 1994) (reversing and remanding for resentencing to afford appellant opportunity to elect preferred sentencing procedure since there was no discussion in trial court regarding election under 1983 guidelines);
 
 Thomas v. State,
 
 479 So.2d 820, 821 (Fla. 2d DCA 1985) (explaining that mere silence at sentencing is not affirmative election to be sentenced under 1983 guidelines; rather, there must be a clear and unequivocal choice made on record). Nor can we determine if a departure sentence was imposed, whether counsel properly preserved any sentencing error for appellate review.
 
 [3]
 
 For these reasons, we affirm the denial of Shaw’s first claim but remand the second claim for an evidentiary hearing.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 MONACO, C.J. and JACOBUS, J., concur.
 

 [1]
 

 . Relevant to Shaw’s VOP sentencing, section 921.001(4)(a), Florida Statutes (1983), provided, in part:
 

 The guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital felonies and life felonies, committed before October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act.
 

 [2]
 

 . "[F]ailure of the defense counsel to advise defendant of his right to be sentenced under the guidelines constitutes ineffective counsel per se and it is not necessary for defendant to prove the criteria of
 
 Strickland.” State v. Brown,
 
 525 So.2d 454, 454 (Fla. 1st DCA 1988);
 
 see also McLeod v. State,
 
 523 So.2d 603 (Fla. 1st DCA 1987) (finding claim that counsel failed to advise defendant that he was entitled to guidelines sentence is facially sufficient claim).
 
 Cf. Morris v. State,
 
 493 So.2d 19 (Fla. 5th DCA 1986) (affirming summary denial of rule 3.850 motion where defendant alleged counsel was ineffective for waiving guidelines sentence because his non-guidelines sentence was greater than guidelines sentence because motion did not identify what guidelines sentence would have been or that defendant would have elected guidelines sentence).
 

 [3]
 

 . Florida Rule of Criminal Procedure 3.701 (1983) provided, in part:
 

 8. Guidelines ranges: The presumptive sentences provided in the guidelines grids are assumed to be appropriate for the composite score of the offender. However, a sentence range is provided in order to permit some discretion without the requirement of a written explanation for departing from the presumptive sentence.
 

 11. Departures from the guideline sentence: Departures from the presumptive sentence should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained.