PER CURIAM.
Steve Hutchins challenges the order of the postconviction court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the denial of ground four of the motion and remand for further proceedings. In all other respects, we affirm.
In September of 1983 Hutchins pleaded guilty to two counts of handling and fondling a child under the age of fourteen in exchange for sentences of ten years’ probation concurrent on both counts. In 1986 the State filed an affidavit of violation of probation alleging that Hutchins committed a new sexual offense against the same child victim.[1] Hutchins absconded from *1089 supervision and was arrested in Georgia in January 2008. In May 2008 following an evidentiary hearing wherein the victim testified, the trial court revoked Hutchins’ probation finding that he violated condition five of his probation which required him to live at liberty without violating the law. Hutchins elected not to be sentenced under the sentencing guidelines, and the trial court sentenced him to fifteen years’ prison on each count of handling and fondling, with the sentences to run concurrently.
In ground four of the rule 3.850 motion, Hutchins alleged that his election not to be sentenced under the sentencing guidelines [2] was involuntary because the guidelines scoresheet prepared by the State was inaccurate and counsel was ineffective in failing to detect the errors in the score-sheet. Specifically, Hutchins alleged that the correct permitted range under the guidelines was any nonstate prison sanction or community control to three and one-half years’ prison rather than the permitted range of five and one-half to twelve years’ prison as calculated by the State. Hutchins alleged that he would have elected to be sentenced under the guidelines had counsel advised him of the correct permitted sentencing range.
The postconviction court denied this claim, finding that had Hutchins requested to be sentenced under the guidelines, the trial court would not have been bound to honor his request because Hutch-ins’ offenses were committed prior to the effective date of the 1983 sentencing guidelines. This is an incorrect statement of the law. A defendant who was placed on probation prior to October 1983 is entitled to be sentenced under the guidelines when probation is revoked after October 1, 1983, provided that the defendant affirmatively elects a guidelines sentence. See Shaw v. State, 63 So.3d 898, 899-900 (Fla. 5th DCA 2011). “When reviewing a court’s summary denial of a rule 3.850 motion or claim, the court must accept the movant’s factual allegations as true to the extent they are not refuted by the record.” Franqui v. State, 59 So.3d 82, 95 (Fla. 2011). We conclude that Hutchins presented a cognizable claim that his election not to be sentenced under the guidelines was involuntary based on trial counsel’s alleged failure to advise him of the correct sentencing range.[3] The record before this court does not refute Hutchins’ claim.[4] We therefore reverse the summary denial of ground four of the motion and remand to the postconviction court to consider the claim on its merits.
Affirmed in part, reversed in part, and remanded.
WHATLEY, DAVIS, and KELLY, JJ., Concur.

. In 2008 the State filed an amended affidavit of violation of probation alleging that Hutch-ins also violated two other conditions of his probation.

. The 1983 version of the sentencing guidelines is applicable in this case. See § 921.001(4)(b)(1), Fla. Stat. (2008); Logan v. State, 921 So.2d 556, 559 (Fla.2005).

. If Hutchins' calculation of the permitted range under the sentencing guidelines is correct, it would have been illogical for him not to elect to be sentenced under the guidelines, particularly because he violated probation by committing a new offense against the same victim and then absconded from supervision.

.For example, Hutchins alleged that the 1986 handling and fondling offense was improperly scored as an additional offense at conviction. The portion of the transcript of the sentencing hearing attached to the post-conviction court’s order does not establish that Hutchins was sentenced on anything other than the 1982 offenses or even that he was convicted of the 1986 offense.