458 So.2d 899 (1984)
Nicholas RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 84-662.
District Court of Appeal of Florida, Second District.
November 16, 1984.
*900 Jerry Hill, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant seeks review of the order revoking his probation and his resulting sentence of five years in Florida State Prison.
Appellant first contends that the evidence was insufficient to support revocation of his probation. We find that there was substantial evidence that he violated the probation modification order which stated that he was not "to go ... within eyesight of the ex-wife's residence... ." Therefore, we affirm the revocation of appellant's probation.
Appellant also urges that the trial court erred in basing the revocation order on violations of condition ten of his probation which were alleged in paragraphs one and two of the warrant. We agree, due to the trial court's statement to defense counsel, "Forget those first two paragraphs... ." On remand, that portion of the order citing paragraphs one and two as reasons for the revocation should be deleted and the revocation order amended to indicate that appellant violated only the probation modification order.
Finally, appellant argues that the trial court erred in sentencing him under the sentencing guidelines. Fla.R.Cr.P. 3.701. We agree. The underlying offense in this case was committed in September, 1980. The sentencing guidelines may be applied to crimes when the offense occurred prior to October 1, 1983, only where the appellant affirmatively selects to be sentenced under the guidelines. In re Rules of Criminal Procedure, 439 So.2d 848, 849 (Fla. 1983). Here, appellant did not request sentencing under the guidelines, nor, however, did he object to the imposition of a sentence under the guidelines. Mere silence though by the defendant at sentencing, as in this case, cannot meet the requirement of affirmative selection of the guidelines. See Harrington v. State, 455 So.2d 1317 (Fla. 2d DCA 1984). Accordingly, on remand, the sentence should be corrected to reflect that it is not a guidelines sentence.
In summary, we affirm the probation revocation and remand the case for correction of the revocation order and for resentencing in accordance with the laws in effect at the time of the underlying offense.
SCHEB, A.C.J., and MALONEY, DENNIS P., Associate Judge, concur.