460 So.2d 477 (1984)
Christopher Leon JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-532.
District Court of Appeal of Florida, Second District.
December 5, 1984.
Jerry Hill, Public Defender, and Larry G. Bryant, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
In this sentencing guidelines case, the question we must resolve is whether the appellant affirmatively selected to be sentenced under the guidelines. We hold that he did not, and reverse for resentencing.
The appellant was charged by information in 1982 with burglary of a structure and resisting or obstructing an officer. He entered a plea of guilty and was placed on six years' probation. On October 11, 1983, an affidavit was filed alleging that the defendant had violated the terms of his probation in several respects. The appellant admitted to the violations of probation. The trial judge announced that he would sentence the appellant outside the guidelines if the appellant chose to be sentenced under the guidelines. The appellant thereupon was sentenced to five years' imprisonment on the burglary charge. No sentence was imposed on the charge of resisting or obstructing an officer. This timely appeal followed.
Section 921.001(4)(a) provides that the sentencing guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of chapter 921. In the instant case, since the offense for which the appellant was sentenced occurred prior to October 1, 1983, *478 the question is whether the appellant affirmatively selected to be sentenced under the guidelines. The significance of the question to the appellant is that if he was not sentenced pursuant to the guidelines, he is eligible for parole.
There is no doubt that the trial judge intended to, and in fact did, utilize the guidelines in imposing a sentence. The record, however, does not indicate that the appellant affirmatively selected to be sentenced under the guidelines. He asserts that he never did so. We have studied the record and find confusion on this. Obviously the trial judge believed the appellant had selected sentencing under the guidelines. The following colloquy is the sole portion of the record to which we can look for guidance:
THE COURT: I feel Mr. Jordan's history is such that should he elect to go under the guidelines I will  I have plenty of evidence here to go outside the guidelines and will do so.
MR. ATKIN [defense counsel]: May I have a minute?
THE COURT: Uh, huh.
... .
MR. ATKIN: Mr. Jordan will admit to violation of probation.
THE COURT: Very well.
... .
THE COURT: ... . I will tell you at this time that should you plead guilty to violating your terms and conditions of probation, I will sentence you to consecutive State Prison time to be served after you have served two years in Youthful Offender. This will probably be outside the recommended guidelines, but your prior report is such that I feel that the guidelines are inappropriate in sentencing you.
On the basis of the above-quoted portion of the record, the state argues that the appellant acquiesced in the use of the guidelines and by his actions he "implicitly" made the selection. We disagree. We do not believe that in all cases a defendant must announce "I do" when asked if he or she selects the guidelines for sentencing. It is unnecessary for a defendant to file a written statement of selection, nor are "magic words" on the record always necessary. Nevertheless, there must be a clear and unequivocal choice made on the record. Rodriguez v. State, 458 So.2d 899 (Fla. 2d DCA 1984). We do not believe that is the case here. While we think that even acquiescence by a defendant can be sufficient, the record before us is, at best, unclear and confusing.
Therefore, we believe it will best serve the interest of justice to return this case to the trial court for another sentencing hearing. The appellant may affirmatively select to be sentenced under the guidelines. If he does not, the trial judge will resentence him according to procedures in effect prior to the adoption of the sentencing guidelines. Rodriguez v. State. Cf. Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984) (defense counsel stated in the record "we have chosen to be sentenced under the guidelines, even though the crime was committed before October 1").
REVERSED AND REMANDED.
GRIMES, A.C.J., and SCHEB, J., concur.