464 So.2d 592 (1985)
Samuel Dean HART, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 84-1097.
District Court of Appeal of Florida, Second District.
February 13, 1985.
*593 James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Hart, was convicted by a jury for acts of aggravated battery, kidnapping and sexual battery. The crimes were committed in September of 1983, and sentencing occurred on May 14, 1984.
It is important to note at the outset that our assessment of the transcript developed at the sentencing hearing reveals a belief on the part of the trial court, the prosecutor and Hart's attorney that the sentencing guidelines contained within Rule 3.701 of the Florida Rules of Criminal Procedure were applicable at the sentencing stage. We reach this conclusion from the defense counsel's initial comment to the trial court's question "why sentence should not be imposed at this time?" Hart's attorney responded with a recommendation that "the Court not ... aggravate outside of the guidelines." Immediately thereafter the prosecutor stated that the trial court "should go outside the guidelines because of Hart's past record." The trial court, however, did not believe a guidelines sentence provided sufficient punishment, stating "The guidelines here are not ample, in my opinion, to provide a proper sentence in view of the two prior armed robbery cases and a history of drug abuse... ." Accordingly, the trial court departed from the guidelines to impose a "proper sentence" consistent with his statutory authority, and committed Hart to a term of five years imprisonment for the aggravated battery, two five year terms for the acts of sexual battery and life imprisonment for kidnapping. The three five year sentences are to run concurrently with life imprisonment. We reverse and remand.
It is obvious from the record that the trial court measured but rejected the sentence to be imposed upon Hart by guideline standards. But, Section 921.001(4)(a), Florida Statutes (1983), forecloses the application of sentencing guidelines to crimes perpetrated prior to October 1, 1983, absent an affirmative selection by the defendant to be sentenced pursuant to such guidelines. Here, the record is barren of any expression by Hart manifesting an affirmative selection to be sentenced in accordance with Rule 3.701. In Rodriguez v. State, 458 So.2d 899 (Fla. 2d DCA 1984), we determined that "mere silence ... by the defendant at sentencing ... cannot meet the requirement of affirmative selection of the guidelines." Furthermore, we do not perceive the pre-sentencing reference by Hart's attorney to the sentencing guidelines as Hart's affirmative selection to be sentenced by those criteria. An affirmative request is essential. Harrington v. State, 455 So.2d 1317 (Fla. 2d DCA 1984).
In sum, because the record leaves no doubt that the trial court considered and subsequently departed from the sentencing guidelines, without Hart's affirmative request in the first instance that they be applied to him, error occurred. That error, however, is not to be corrected by resentencing. It is appropriate in light of the mistaken belief held by the trial court and shared by the prosecutor and defense counsel as to the applicability of the sentencing guidelines, that the sentences now simply be modified to reflect they are not guideline sentences. We are persuaded from the record before us that if this matter were remanded for re-sentencing and Hart were affirmatively to select that it be conducted pursuant to the guidelines, the trial court would again deem departure warranted and impose a like sentence with clear and convincing reasons in writing to support departure.
The State urges that Hart's failure to object to the sentence waives the issue for appellate review. The contention is without merit. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984).
*594 We also note that the trial court erred by imposing a judgment for attempted first degree murder after the jury found the defendant guilty of the lesser included offense of aggravated battery. The judgment must be corrected to conform to the verdict of the jury. Hicks v. State, 411 So.2d 1025 (Fla. 2d DCA 1982). Accordingly, on remand the trial court is also instructed to correct the judgment to coincide with the conviction for aggravated battery.
SCHEB, A.C.J., and LEHAN, J., concur.