467 So.2d 333 (1985)
William A. KIMSEY, a/k/a William Kinsey, a/k/a William Cline, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1010.
District Court of Appeal of Florida, Second District.
March 6, 1985.
Rehearing Denied April 15, 1985.
James Marion Moorman, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
In this sentencing guidelines case, appellant contends that the trial court erred in sentencing him under the guidelines, Florida Rule of Criminal Procedure 3.701. We agree.
The underlying offense in this case, possession of a firearm by a felon, was committed on July 10, 1983. Section 921.001(4)(a), Florida Statutes (1983), provides that the sentencing guidelines may be applied to crimes when the offense occurred prior to October 1, 1983, only where the defendant affirmatively selects to be sentenced under the guidelines. In re Rules of Criminal Procedure, 439 So.2d 848 (Fla. 1983); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984).
Here the record leaves no doubt that the trial judge intended to, and in fact did, utilize the guidelines in imposing a sentence. However, the record fails to demonstrate that appellant affirmatively selected sentencing under the guidelines or that he objected to imposition of a sentence under these guidelines. Under such circumstances, we have repeatedly held that mere silence by the defendant at sentencing cannot meet the requirement of an affirmative selection as "there must be a clear and unequivocal choice made on the record." Jordan at 478. See Hart v. *334 State, 464 So.2d 592 (Fla. 2d DCA 1985); Rodriguez v. State, 458 So.2d 899 (Fla. 2d DCA 1984); Harrington v. State, 455 So.2d 1317 (Fla. 2d DCA 1984). At the sentencing hearing defense counsel and the trial judge discussed the use of the guidelines, defendant's recommended sentence, counsel's failure to find anything in the record indicating reasons for departure, and whether a departure was warranted. We find that nothing in that discussion constituted an affirmative selection by the defendant to be sentenced under the rule. See Hart. Accordingly, we affirm appellant's conviction but vacate his sentence and remand this case for resentencing. On resentencing, appellant may exercise his option and affirmatively select to be sentenced under the guidelines. If he chooses not to be sentenced under the guidelines, appellant must be sentenced according to the laws in effect prior to the adoption of the guidelines. See Jordan.
REVERSED AND REMANDED WITH INSTRUCTIONS.
GRIMES, A.C.J., and SCHOONOVER, J., concur.