GRIMES, Acting Chief Judge.
Appellant seeks review of the order revoking his probation and the resulting sentence for escape which was imposed under the sentencing guidelines.
We find no merit in appellant’s contention that the trial court failed to adequately inquire into the reasons for his desire to discharge court-appointed counsel. Therefore, we affirm the revocation of appellant’s probation.
Appellant also argues that the trial court erred in sentencing him under the sentencing guidelines. Fla.R.Crim.P. 3.701. We agree. The underlying offense in this case was committed on May 16, 1982. The sentencing guidelines may be applied to crimes when the offense occurred prior to October 1, 1983, only where the defendant affirmatively selects to be sentenced under the guidelines. § 921.-001(4)(a), Fla.Stat. (1983); In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983); Rodriguez v. State, 458 So.2d 899 (Fla.2d DCA 1984); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984). Here, the record does not indicate that the appellant affirmatively selected to be sentenced under the guidelines. A defendant’s mere silence at sentencing cannot meet the affirmative selection requirement contemplated by rule 3.701. Rodriguez v. State.
Appellant need not be resentenced since he received the maximum statutory penalty of fifteen years imprisonment and escape is not an offense over which the trial court could retain jurisdiction. See § 947.16(3), Fla.Stat. (1983). Accordingly, the case is remanded with directions to *1335 correct the record to reflect that appellant was not sentenced under the guidelines.
SCHOONOVER, J., and BOARDMAN, EDWARD F., (Ret.), J., concur.