OTT, Acting Chief Judge.
Appellant seeks review of his sentence imposed following the revocation of *1373 his probation. He claims the trial court erred in enhancing his presumptive sentence under the sentencing guidelines for á violation of probation.[1] Because we find that appellant did not affirmatively select to be sentenced under the guidelines, we reverse and remand for resentencing.
On November 4,1981, appellant was placed on probation for carrying a concealed weapon. In 1983, a probation violation was charged. Appellant admitted he failed to keep an appointment and report for treatment at the County Mental Health Clinic. The trial court, however, allowed him to continue on probation. On February 15, 1984 (after the guidelines were adopted), appellant was again charged with violating certain conditions of his probation, this time by battering his mother. At the probation revocation hearing, appellant admitted the battery and again asked to be continued on probation. The trial court denied probation and sentenced appellant to thirty months in the state prison, which was the recommended sentence, with enhancement, under the guidelines. Thereafter, the trial court heard argument on appellant’s motion to mitigate. In denying the motion, the trial court determined that a lesser sentence within the guidelines was not warranted. This timely appeal followed.
It is quite clear from the record that the trial court went about calculating and entering an appropriate sentence under the guidelines, albeit with enhancement or departure. It is equally elear, however, that the trial judge never asked appellant whether he “selected” to be sentenced under the guidelines. While appellant stood mute during the sentencing process and made no objection to the imposition of the sentence, he did nothing to suggest he affirmatively selected to be sentenced under the guidelines. Appellant’s underlying offense occurred before the guidelines were adopted; therefore, he must affirmatively select to be sentenced under the guidelines. In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984); Rodriguez v. State, 458 So.2d 899 (Fla. 2d DCA 1984).
Here, appellant’s silence cannot be deemed an affirmative selection of the guidelines. In so holding, we recognize that it is unlikely that mere silence or acquiescence will ever amount to an affirmative selection. Nevertheless, we reiterate our position in Jordan that we are not to be understood as holding that silence or acquiescence can never, under any set of circumstances, amount to an affirmative selection of the guidelines. See Jordan, 460 So.2d at 478. Under the circumstances of this case, appellant’s silence did not rise to the level of an affirmative selection.
Accordingly, appellant’s sentence is reversed and remanded for resentencing, at which time appellant may affirmatively select to be sentenced under the guidelines.
REVERSED and REMANDED.
FRANK, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.

. Specifically, appellant claims that the newly amended Florida Rule of Criminal Procedure 3.701(d)(14), which provides for automatic enhancement of a sentence imposed after a revocation of probation, may not be applied retroactively. See Carter v. State, 452 So.2d 953 n. 3 (Fla. 5th DCA 1984). Because of our disposition of this case, we need not reach this issue. Nevertheless, had appellant affirmatively selected sentencing under the guidelines, we would have affirmed his sentence even though the newly amended rule may not be applied retroactively. Violation of probation is a valid reason for departing from the guidelines. Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984). The record, which reveals that the trial court relied upon this reason in departing from the guidelines, is sufficient for the purpose of providing clear and convincing reasons for departure. Fla.R.Crim.P. 3.701(d)(11); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984).