466 So.2d 20 (1985)
Dwayne B. TILLMAN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-1547 to 84-1551.
District Court of Appeal of Florida, Second District.
March 29, 1985.
*21 James Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant argues that the trial court erred in sentencing him under the sentencing guidelines. Fla.R.Crim.P. 3.701. We agree. The underlying offenses in this case were committed prior to October 1, 1983. The sentencing guidelines may be applied to crimes when the offense occurred prior to October 1, 1983, only where the defendant affirmatively selects to be sentenced under the guidelines. § 921.001(4)(a), Fla. Stat. (1983); In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983); Cahill v. State, 467 So.2d 366 (Fla. 2d DCA 1985); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984); Rodriguez v. State, 458 So.2d 899 (Fla. 2d DCA 1984). Here, the record does not indicate that the appellant affirmatively selected to be sentenced under the guidelines. A defendant's mere silence at sentencing cannot meet the affirmative selection requirement contemplated by rule 3.701. Rodriguez v. State.
Appellant received the maximum statutory sentence of five years imprisonment for each crime to be served consecutively, and the crimes were not offenses over which the trial court could retain jurisdiction. See § 947.16(3), Fla. Stat. (1983). No purpose would be served to order resentencing since the court obviously intended to impose the maximum penalties permitted by law. Accordingly, the cause is remanded with directions to correct the record to reflect that appellant was not sentenced under the guidelines. See Barnes v. State, 464 So.2d 1333 (Fla. 2d DCA 1985).
SCHEB and CAMPBELL, JJ., concur.