FRANK, Judge.
In this appeal we are again faced with an improper implementation of the sentencing guidelines, Rule 3.701 of the Florida Rules of Criminal Procedure.
The defendant, Ollie Edwards, pleaded guilty to second degree murder in 1979 after which she was placed on probation for ten years. In October, 1983, an affidavit of probation violation was filed alleging that she had violated her probation by possessing a firearm and being arrested for aggravated battery. The defendant was found guilty, probation was revoked and a life sentence was imposed. She did not affirmatively select a guidelines sentence.
The pivotal question is whether the sentence imposed by the trial court was pursuant to the sentencing guidelines or the relevant statutory section. The resolution of this issue is dispositive of the appeal; without the defendant’s affirmative selection, it is improper to apply the guidelines in the context of an offense which occurred before October 1, 1983. Hart v. State, 464 So.2d 592 (Fla. 2d DCA 1985). We are unpersuaded by the state’s argument that the trial judge did not sentence the defendant pursuant to the guidelines. The state grounds its contention upon the absence of the defendant’s affirmative selection and a sentencing guidelines score-sheet. The transcript of the defendant’s probation revocation hearing, however, reveals that the trial judge stated he was “going outside the guidelines.” Although this language alone may suggest that the trial judge simply intended to sentence the defendant pursuant to the pertinent statute, the required written order expressing the trial court’s reasons for departure from the guidelines is a convincing indicator of that which was intended and that which did occur. Cf. Heathcoat v. State, 463 So.2d 449 (Fla. 2d DCA 1985).
In sum, we conclude that the record leaves no doubt that the trial court considered and thereafter departed from the sentencing guidelines without the defendant’s affirmative selection that they be applied to her. Unlike Tillman v. State, 466 So.2d 20 (Fla. 2d DCA 1985), we cannot be certain whether the judge would have imposed the same sentence if he had known that it was not under the guidelines.
Accordingly, we vacate the defendant’s sentence and remand for resentencing consistent with this opinion.
GRIMES, A.C.J., and SCHEB, J., concur.