470 So.2d 834 (1985)
Christopher PARSONS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1907.
District Court of Appeal of Florida, Second District.
June 12, 1985.
*835 James Marion Moorman, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, Christopher Parsons, appeals from a two year sentence imposed upon him for violating probation. Although we find no merit to appellant's contention that the trial court erred in finding him guilty of violating probation, we must remand for resentencing.
Appellant was charged by information with having obtained property in return for a worthless check in violation of section 832.05, Florida Statutes (1979). After pleading guilty to the charge, appellant was placed on probation for a period of one year. On March 16, 1983, a warrant was issued charging appellant with violating the terms of his probation, and on May 24, 1984, he was found guilty of violating probation. On August 13, 1984, appellant was adjudicated guilty and sentenced to serve two years in state prison. This appeal timely followed.
The underlying offense in this case was committed on June 8, 1981, and the appellant was originally placed on probation in 1982. The record reflects that the trial court ordered a guidelines scoresheet to be prepared, but a scoresheet was not mentioned at sentencing and is not a part of the record on appeal. We, therefore, are not able to determine whether the court imposed a guidelines sentence. If the court did impose a guidelines sentence, it erred.
Where an offense occurs prior to October 1, 1983, the sentencing guidelines may only be applied if the defendant affirmatively selects to be sentenced under them. In Re Rules of Criminal Procedure, 439 So.2d 848 (Fla. 1983). Although appellant did not object to the imposition of a sentence under the guidelines, he did not affirmatively select to be sentenced under them. Neither appellant's silence, nor the discussion in his presence of a scoresheet presented pursuant to the rule, can constitute a clear and unequivocal selection to be sentenced under the guidelines. Cahill v. State, 467 So.2d 366 (Fla. 2d DCA 1985); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984).
Because appellant's right to be paroled depends upon whether he was sentenced under the guidelines, we must remand for resentencing. At resentencing, the appellant may affirmatively select to be sentenced under the guidelines. If appellant does not affirmatively select, the court must resentence him according to the law in effect prior to the adoption of the guidelines. In either event, the record should reflect the manner in which the appellant is sentenced so that his eligibility for parole may be determined.
We affirm the judgment in all other respects.
Reversed and remanded for resentencing.
OTT, A.C.J., and SCHOONOVER and HALL, JJ., concur.