473 So.2d 815 (1985)
Judge Elwood FAVORS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-530.
District Court of Appeal of Florida, Second District.
August 9, 1985.
James Marion Moorman, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
*816 OTT, Acting Chief Judge.
We remand for resentencing because appellant did not affirmatively select to be sentenced under the guidelines.
Appellant was convicted of crimes which were committed in September 1983. He was sentenced pursuant to Florida Rule of Criminal Procedure 3.701 on March 9, 1984. The sentencing guidelines applied only if appellant affirmatively selected to be sentenced pursuant to the guidelines. § 921.001(4)(a), Fla. Stat. (1983).
In this case, defense counsel discussed the scoresheet with the assistant state attorney and the trial judge, but this does not constitute an affirmative selection. Parsons v. State, 470 So.2d 834 (Fla. 2d DCA 1985). There must be a clear and unequivocal choice made on the record. Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984). We find no such clear and unequivocal choice in the record before us.
We further note that the trial court erred in the application of section 775.084, Florida Statutes (1984), the habitual offender statute. On remand, the trial court should be cognizant that this statute provides for penalty enhancement, not reclassification of offenses.
Appellant's other point on appeal is without merit.
We vacate appellant's sentences and remand for resentencing. On remand, the appellant may affirmatively select to be sentenced under the guidelines. If he does not, the trial judge should resentence him according to procedures in effect prior to the adoption of the sentencing guidelines.
SCHOONOVER and LEHAN, JJ., concur.