LEHAN, Judge.
Defendant appeals his sentence imposed pursuant to the sentencing guidelines. We reverse.
Defendant first contends that his sentencing was in error because he did not elect to be sentenced pursuant to the guidelines. We disagree. The record shows that his attorney participated in open court in a discussion with the trial judge and the assistant state attorney concerning what the recommended guidelines sentence was. Defendant’s attorney asked the trial judge to sentence defendant in the low end of the guidelines range. Under these circumstances we conclude that there was more than mere acquiescence by defendant to being sentenced under the guidelines. Defense counsel participated in the guidelines sentencing. See Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984); Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984).
Defendant’s second contention was that the trial court erred in departing from the sentencing guidelines. We agree. Defendant’s sentencing occurred after a revocation of probation. The trial court’s stated reason for departure from the guidelines was defendant’s arrest which had been the basis for the probation revocation but for which defendant had not at that time been convicted. Under Florida Rule of Criminal Procedure 3.701(d)(14), a sentence imposed after revocation of probation can be raised one cell without being considered a departure from the guidelines. Here the trial court departed by imposing a sentence two cells higher than the recommended sentence. The court’s reason for departure was invalid, however, because an arrest for which defendant has not been convicted cannot serve as a basis for departing from the guidelines. See Fla.R. Crim.P. 3.701(d)(ll); Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984).
*1366 Accordingly, the case is reversed and remanded for resentencing. On remand, the trial court may impose a sentence one cell higher than the recommended guidelines sentence, based on the probation revocation, but may not otherwise depart from the guidelines.
OTT, A.C.J., and HALL, J., concur.