HALL, Judge.
Appellant raises three issues in this appeal. We find merit only in his contention that the trial court erred in sentencing him pursuant to the guidelines.
A jury found appellant guilty of second-degree murder for a killing that occurred on June 27, 1983. The trial court considered the guidelines range applicable to appellant but imposed a lesser sentence than was recommended because of the presence of mitigating factors.
Section 921.001(4)(a), Florida Statutes (1983), provides that for crimes committed prior to October 1, 1983, the sentencing guidelines may only be applied if the defendant affirmatively selects to be sentenced under them. In Re Rules of Criminal Procedure, 439 So.2d 848 (Fla. 1983). Mere silence at sentencing is not an affirmative selection. Kimsey v. State, 467 So.2d 333 (Fla.2d DCA 1985). Rather, “there must be a clear and unequivocal choice made on the record.” Jordan v. State, 460 So.2d 477, 478 (Fla.2d DCA 1984).
The record in this case reveals no affirmative selection by appellant to be sentenced pursuant to the guidelines. Although the trial court departed below the guidelines, it nevertheless used them to determine a sentence. This was error.
Accordingly, we reverse appellant’s sentence and remand this case for resentenc-ing. Appellant may then affirmatively select to be sentenced under the guidelines. If he does not, the trial court must sentence appellant according to the laws in effect prior to adoption of the guidelines.
SCHEB, A.C.J., and CAMPBELL, J., concur.