478 So.2d 524 (1985)
Wilbur W. WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2634.
District Court of Appeal of Florida, Second District.
November 22, 1985.
J. Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
Appellant, Wilbur W. Wright, appeals from a judgment and sentence wherein the trial court adjudicated him guilty of manslaughter and sentenced him to a term of seven years in state prison. Appellant has raised two issues on appeal, but we find merit only in his contention that the trial court erred in sentencing him under the guidelines, Florida Rule of Criminal Procedure 3.701.
The offense in this case was committed on July 8, 1983. Section 921.001(4)(a), Florida Statutes (1983), provides that the sentencing guidelines may be applied to crimes when the offense occurred prior to October 1, 1983, only where the defendant affirmatively selects to be sentenced under the guidelines. In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983).
Here the record leaves no doubt that the trial judge intended to, and in fact did, utilize the guidelines in imposing a sentence. Scoresheets were prepared and copies were sent to the Department of Corrections. At the sentencing hearing, the parties discussed the use of the guidelines and appellant's recommended sentence. Under such circumstances, we have repeatedly held that neither appellant's silence nor such a discussion at sentencing meets the requirement of an affirmative selection as "there must be a clear and unequivocal choice made on the record." Jordan v. State, 460 So.2d 477, 478 (Fla. 2d DCA 1984); Cahill v. State, 467 So.2d 366 (Fla. 2d DCA 1985); Kimsey v. State, 467 So.2d 333 (Fla. 2d DCA 1985); Smith v. State, 465 So.2d 1372 (Fla. 2d DCA 1985). Additionally, the mere fact that a scoresheet was prepared does not establish an affirmative selection. Finklea v. State, 470 So.2d 90 (Fla. 1st DCA 1985).
On this record it is not clear whether appellant would have received the same sentence had the trial court recognized that the guidelines were not to apply absent a clear and unequivocal selection by appellant. *525 Indeed, given the possibility of parole under traditional sentencing, the trial court could well have imposed a greater sentence. The statutory maximum for manslaughter is fifteen years in state prison. § 775.082(3)(c), Fla. Stat. (1983). Accordingly, we reverse appellant's sentence and remand for resentencing. At resentencing, appellant may exercise his option and affirmatively select to be sentenced under the guidelines. If he chooses not to be sentenced under the guidelines, appellant must be sentenced according to the laws in effect prior to the adoption of the guidelines. Cahill; Kimsey. We affirm the judgment in all other respects.
FRANK and HALL, JJ., concur.