DANAHY, Judge.
Appellant, Tony Santini, appeals from the judgments and sentences entered against him upon revocation of his probation. He raises two issues in this appeal. Because we find merit in his contention that the trial judge erred in sentencing him under the guidelines, Florida Rule of Criminal Procedure 3.701, we do not address his other contention.
On November 9, 1982, appellant was charged by information with burglary and grand theft, violations of sections 810.02(3) and 812.014, Florida Statutes (Supp.1982). He entered a plea of nolo contendere to *318 each charge and was placed on probation on March 18,1983. Subsequently, on January 11, 1984, appellant was charged with a violation of probation. He pled guilty to the probation violation and, on April 6, 1984, the trial judge modified appellant’s probation by extending it for four additional years and adding five special conditions. On November 14, 1984, appellant was again charged with violating his probation.
At the revocation hearing held on February 1,1985, appellant pled nolo contendere to the allegations in the probation violation affidavit. The trial judge found appellant had violated his probation and asked for a scoresheet. After inquiring of each counsel whether he thought the scoresheet was “the one that you all think is appropriate,” the trial judge sentenced appellant to concurrent terms of six years’ imprisonment.
For offenses committed before October 1, 1983, but sentenced afterward, the guidelines are applicable only if affirmatively selected by the defendant. In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983). The record does not reflect that appellant affirmatively selected to be sentenced under the guidelines. Neither appellant’s silence nor discussion in his presence of a score-sheet prepared and presented pursuant to the rule can constitute an affirmative selection. Wright v. State, 478 So.2d 524 (Fla. 2d DCA 1985); Parsons v. State, 470 So.2d 834 (Fla. 2d DCA 1985). In the absence of such selection, the guidelines may not be applied. Wright.
On this record, it is not clear whether appellant would have received the same sentences had the trial judge recognized that the guidelines were not to apply absent appellant’s affirmative selection. Indeed, given the possibility of parole under traditional sentencing, the trial judge could well have imposed a maximum statutory sentence of fifteen years and a $10,000 fine for second degree burglary and five years and a fine of $5,000 for grand theft in the second degree and ordered that the sentences run concurrently. §§ 775.082(3) and 775.083, Fla.Stat. (1983). Accordingly, we reverse and remand for resentencing. At resentencing appellant may exercise his option and affirmatively select to be sentenced under the guidelines. If he chooses not to be sentenced under the guidelines, appellant must be sentenced according to the laws in effect prior to the adoption of the guidelines. Wright. To obtain further review, any aggrieved party must appeal the new ruling of the trial judge.
Further, we note that the information charged appellant with burglary of the second degree “contrary to chapter 810.-02(3), Florida Statutes.” The trial judge adjudicated appellant guilty as charged and sentenced him accordingly. Yet appellant’s judgment classifies the burglary as a third degree felony. This is obviously a clerical error. A court’s written judgment must not vary from its oral pronouncement. See Reid v. State, 460 So.2d 921 (Fla. 2d DCA 1984); Clarke v. State, 453 So.2d 488 (Fla. 2d DCA 1984); Zigler v. State, 446 So.2d 266 (Fla. 2d DCA 1984); Patrick v. State, 413 So.2d 474 (Fla. 2d DCA 1982). Therefore, on remand, the trial judge is instructed to correct the judgment to reflect that the burglary is a felony of the second degree. See Copcutt v. State, 477 So.2d 70 (Fla. 1st DCA 1985). We affirm the judgment in all other respects.
Accordingly, we reverse and remand for resentencing and for correction of the judgment.
RYDER, C.J., and FRANK, J., concur.