482 So.2d 558 (1986)
Mary Ann RYAN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-170, 85-199.
District Court of Appeal of Florida, Second District.
February 5, 1986.
*559 James Marion Moorman, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals the imposition of a guidelines sentence after revocation of probation for a crime committed prior to October 1, 1983, the effective date of the sentencing guidelines. We reverse because the record fails to show that defendant affirmatively selected to be sentenced under the guidelines.
At the sentencing hearing, defendant's attorney initiated discussion about guidelines sentencing, voiced several objections to the prepared scoresheet, and raised the issue of whether the probation violation could be used as a basis for departure. The trial court eventually departed from the guidelines and sentenced defendant to two consecutive five-year prison terms.
On appeal defendant argues that she never affirmatively selected guidelines sentencing and that neither her attorney's discussion of the scoresheet nor her silence can be considered a clear selection to be sentenced under the guidelines. We agree.
A discussion of a scoresheet in defendant's presence does not constitute an affirmative selection of guidelines sentencing by the defendant, even where defense counsel apprises the court of the recommended sentence and objects to its severity. See Santini v. State, 479 So.2d 317 (Fla.2d DCA 1985); Jackson v. State, 478 So.2d 515 (Fla.2d DCA 1985); Blackwelder v. State, 476 So.2d 280 (Fla.2d DCA 1985).
The state cites Weaver v. State, 475 So.2d 1365 (Fla.2d DCA 1985), as a case in which participation by defense counsel in a discussion about the recommended guidelines sentence was held to constitute an affirmative selection of guideline sentencing. However, in Weaver the defense attorney went beyond a discussion of the scoresheet and actually asked the trial court to sentence the defendant to the low end of the recommended sentence range. That request by defense counsel could be said to constitute a selection of guidelines sentencing. No similar request was made in the present case.
Defendant contends that because she did not select guidelines sentencing, her sentence should remain as imposed by the trial court except that she would be eligible for parole. We cannot agree with that contention. As this court stated in Wright v. State, 478 So.2d 524 (Fla.2d DCA 1985), "On this record it is not clear whether appellant would have received the same sentence had the trial court recognized that the guidelines were not to apply absent a clear and unequivocal selection by appellant. Indeed, given the possibility of parole under traditional sentencing, the trial court could well have imposed a greater sentence."
*560 In this case the trial court imposed a sentence of five years imprisonment. The maximum statutory sentence for the crime of which defendant was convicted is fifteen years imprisonment, which means the trial court could have imposed a greater sentence if the court felt that was appropriate given the consideration of parole availability.
Accordingly, the sentence is reversed, and the cause is remanded for resentencing. At resentencing, the defendant can affirmatively select to be sentenced pursuant to the guidelines. If she does not so choose, she must be sentenced according to the laws in effect prior to the adoption of the guidelines. Wright.
SCHEB, A.C.J., and FRANK, J., concur.