GLICKSTEIN, Judge.
There are two issues in this appeal, both compelling reversal of the sentence and remand, which we do.
First, in our collective judgment the facts of this case do not clearly establish affirmative selection to be sentenced under the guidelines. See Green v. State, 474 So.2d 17 (Fla. 4th DCA 1085). Those facts are that (1) appellant’s attorney, at some time, signed the scoresheet; and (2) appellant did not indicate at sentencing that he did not wish to be sentenced pursuant to the guidelines, although he discussed other matters. He never said that he did wish to *551 be so sentenced; and he did not sign the scoresheet.
This exact situation does not appear to have previously arisen; however there are some cases that are of assistance. In Blackwelder v. State, 476 So.2d 280 (Fla.2d DCA 1985), defense counsel apprised the court of the recommended guidelines range and objected to its severity as applied to appellant. The court held that defense counsel’s discussion did not constitute a clear and unequivocal choice made by the appellant on the record, citing Jordan v. State, 460 So.2d 477 (Fla.2d DCA 1984). In Kimsey v. State, 467 So.2d 333 (Fla.2d DCA 1985), the court held that the silence of the appellant and discussion of the guidelines by defense counsel did not constitute a clear and unequivocal choice. In Favors v. State, 473 So.2d 815 (Fla.2d DCA 1985), the court stated there must be a clear choice made on the record.
Second, the trial court failed to provide written reasons for its departure from the guidelines. Boynton v. State, 473 So.2d 703 (Fla. 4th DCA 1985), affirmed, 478 So.2d 351 (Fla.1985).
Should appellant elect to be sentenced under the guidelines, the trial court may increase appellant’s recommended sentence one cell for violation of probation, without providing written reasons. Fla.R. Crim.P. 3.701(d)(14). We would respectfully remind the trial judge that should he choose to depart from the guidelines by more than one cell, he may not consider factors relating to an offense for which a conviction has not been obtained. Fletcher v. State, 457 So.2d 570 (Fla. 5th DCA 1984).
HURLEY, J., and BOARDMAN, EDWARD F., Associate Judge (Retired), concur.