487 So.2d 428 (1986)
Corrine Louise TRASTI, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1277.
District Court of Appeal of Florida, Fifth District.
May 1, 1986.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The defendant pled guilty to the offense of DUI manslaughter,[1] and was sentenced to a five year guideline sentence. On appeal, defendant's sentence was vacated as the manslaughter was committed prior to the effective date of the sentencing guidelines, and the defendant had not affirmatively elected to be sentenced under the guidelines.[2] On remand, the defendant again did not elect to be sentenced under the guidelines, and the lower court imposed a ten year and eight month non-guideline sentence. The defendant again appeals, claiming her new sentence violates the dictates of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We do not agree.
The record affirmatively shows that the lower court did not impose the new sentence out of vindictiveness, but, on the contrary, carefully formulated the second sentence, which is subject to parole, in an effort to make it equivalent to the prior guideline sentence, which was not subject to parole.[3]
AFFIRMED.
UPCHURCH and SHARP, JJ., concur.
NOTES
[1] Sections 316.1931(2) and 782.07, Florida Statutes.
[2] See Trasti v. State, 470 So.2d 849 (Fla. 5th DCA 1985).
[3] See Ryan v. State, 482 So.2d 558 (Fla. 2d DCA 1986), where the second district rejected the contention that because guideline sentencing had not been affirmatively elected, defendant's sentence should remain as imposed by the trial court except that defendant should be eligible for parole. The court noted that, given the possibility of parole under traditional sentencing, the trial court could well have imposed a greater sentence if it had not believed it was required to impose a guideline sentence. See also Wright v. State, 478 So.2d 524 (Fla. 2d DCA 1985).