COWART, Judge.
This is another sentencing guidelines departure case.
*650 While on community control for three offenses, the defendant was charged with new offenses relating to a shooting. Before trial on these new offenses, the trial court revoked the defendant’s community control and sentenced the defendant on the original offenses, departing from the recommended guidelines. The defendant was then tried on the new charges and acquitted. The written reasons given for the departure sentence were:
The Defendant constitutes a danger to the community in that he shot the victim almost killing him which constitutes the violation. He is very violent and the facts of his violation prove that out.
The defendant concedes that he may be adjudged guilty of violation of community control even though acquitted of charges on which the violation of community control is founded[1] but contends that the reasons given for the departure are invalid under the sentencing guidelines because of the acquittal. We agree.
These reasons given for the departure relate to the charges of which the defendant was acquitted and contravene Florida Rule of Criminal Procedure 3.701(d)(ll) which provides that reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction or factors relating to the instant offenses for which convictions have not been obtained.[2] See Brown v. State, 480 So.2d 225 (Fla. 5th DCA 1985); Weaver v. State, 475 So.2d 1365 (Fla. 2d DCA 1985); Fletcher v. State, 457 So.2d 570 (Fla. 5th DCA 1984).
The departure sentence is vacated and the cause remanded for resentencing in accordance with the sentencing guidelines,
SENTENCE VACATED; CAUSE REMANDED FOR RESENTENCING.
UPCHURCH, J., and CAMPBELL, M., Associate Judge, concur.

. See Horn v. State, 433 So.2d 670 (Fla. 4th DCA 1983).

. This case illustrates an anomaly in the law at this time. If it is proper to rely on facts underlying criminal charges resulting in an acquittal to terminate probation or community control, it should be proper to rely on those same facts for a departure sentence. Conversely, if it is improper to rely on facts underlying criminal charges resulting in an acquittal to impose a departure sentence, it should be improper to rely on those same facts to terminate probation or community control. The legal propriety of relying on facts underlying criminal charges resulting in an acquittal as the basis for an adverse adjudication of the defendant’s legal rights on collateral matters, such as the imposition of a departure sentence, or termination of probation or community control, should be the same in either case.