PER CURIAM.
The appellant, Ira Maxwell, appeals from two four-year sentences imposed upon him for violating probation. Of the two arguments appellant raised on appeal, we find merit only in his contention that, in the absence of an affirmative election, the trial court erred in sentencing appellant under the sentencing guidelines, Florida Rules of Criminal Procedure 3.701.
On December 11, 1980, appellant was charged by separate informations with two counts of robbery pursuant to section 812.-13(2)(c), Florida Statutes (1979). Appellant pleaded guilty to the charges and, on *1219 March 30, 1981, was placed on four years probation with a condition of serving 364 days in county jail. On August 21, 1984, a warrant was issued charging appellant with violating four conditions of probation, and on February 14, 1985, appellant was found guilty of violating three of the conditions. A discussion of a sentencing guidelines scoresheet took place at the sentencing hearing, during which defense counsel objected to points being added for legal constraint and victim injury. Defense counsel subsequently requested that the court either continue appellant on probation or modify appellant’s probation by placing him on community control “notwithstanding the guidelines.” The trial court sentenced appellant under the guidelines to concurrent terms of four years imprisonment with credit for time served. Appellant timely filed notices of appeal from the judgments and sentences, and the appeals were consolidated.
When an offense has occurred prior to October 1, 1983, the sentencing guidelines may be applied only where the defendant has affirmatively elected to be sentenced under them. In Re Rules of Criminal Procedure, 439 So.2d 848 (Fla.1983). The record before us contains no affirmative election, and the law is clear that defense counsel’s discussion of a scoresheet with the trial court, by itself, does not constitute the requisite clear and unequivocal choice made by a defendant on the record. Blackwelder v. State, 476 So.2d 280 (Fla. 2d DCA 1985); see also, Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984). Although defense counsel’s request to the court for alternative sentencing “notwithstanding the guidelines” may not have constituted a categorical objection to imposition of a sentence under the guidelines, failure to specifically object to guidelines sentencing does not constitute a clear and unequivocal election. See Parsons v. State, 470 So.2d 834 (Fla. 2d DCA 1985); Cahill v. State, 467 So.2d 366 (Fla. 2d DCA 1985); Rodriguez v. State, 458 So.2d 899 (Fla. 2d DCA 1984).
We, therefore, reverse and remand for resentencing. At resentencing, the appellant may affirmatively elect to be sentenced under the guidelines. If he does not, the court must resentence him according to the law in effect prior to the adoption of the guidelines. We affirm the judgment in all other respects.
Reversed and remanded for resentenc-ing.
RYDER, C.J., and DANAHY and SCHOONOVER, JJ„ concur.