FRANK, Judge.
The appellant, Michael Joseph Taylor, appeals from the trial court’s sentencing order.
After Taylor pleaded guilty to burglary, grand theft, aggravated battery and uttering a forged instrument, the trial court adjudicated him guilty and imposed a two year period of community control. Only the uttering crime occurred prior to the effective date of the sentencing guidelines on October 1, 1983.
In 1984, while sentenced to community control, Taylor committed and was charged with the crimes of burglary and resisting arrest. A hearing was conducted at which the trial court revoked the community control imposed for the original four crimes and a discussion occurred among the trial judge, the defense counsel and the state attorney regarding a sentencing guidelines scoresheet. The scoresheet indicated a presumptive sentence of four years incarceration. After Taylor’s attorney conceded the correctness of the scoresheet, the trial court noted that a one cell enhancement would be permissible based upon the violation of probation but sentenced him to concurrent five year terms of imprisonment for each of the four original crimes. The state attorney then offered to have any sentence imposed for the burglary and resisting arrest charges run concurrently with the other sentences if Taylor pleaded guilty to the charges. Taylor accepted the offer and pleaded nolo contendere after which the trial court adjudicated him guilty and sentenced him within the plea agreement to five years on the burglary and resisting arrest charges to be served concurrently with the four sentences imposed in the revocation proceeding.
Although there was reference to a score-sheet at the revocation/sentencing hearing, the only scoresheet in the record indicates a presumptive sentence of community control or 12-30 months of incarceration, two cells below that resulting in a five year sentence. Although the scoresheet is unsigned and undated, it is mathematically correct and reflects points for all six crimes, one prior conviction and slight victim injury.
Taylor contends that he never affirmatively elected a guidelines sentence for the uttering crime, a pre-guidelines occurrence. We agree and note that the mere discussion of the guidelines score-sheet during the revocation/sentencing proceeding does not constitute an affirmative election. Maxwell v. State, 489 So.2d 1218 (Fla. 2d DCA 1986). Thus, the sentencing order should be corrected to reflect that the sentence for uttering is a non-guidelines sentence affording Taylor the right to seek parole. Jackson v. State, 478 So.2d 515 (Fla. 2d DCA 1985).
 Taylor also contends that the trial court failed to submit written reasons for its departure. This contention relies upon the scoresheet in the record indicating an invalid two cell departure. The understanding of the parties at sentencing appears, however, to have contemplated a departure of only one cell, which is valid without written reasons where, as here, a violation of probation or community control *601 occurs. We are unable to resolve the confusion, however, and remand for the entry of a signed and dated scoresheet and either a corrected scoresheet or written reasons for departure if enhancement beyond one cell can be justified.
GRIMES, A.C.J., and SCHOONOVER, J., concur.