CAMPBELL, Acting Chief Judge.
Appellant, Thomas Epley, Jr., pled guilty to burglary of a structure and was placed on five years probation on the condition that he file monthly reports and maintain employment. The state subsequently filed two affidavits stating that appellant had violated his probation. One alleged that he had failed to maintain full-time employment; the other alleged, inter alia, that he *40 had failed to file a timely report for the month of June, 1985.
At the proceedings on September 26, 1985, appellant’s probation officer testified that appellant had filed the June report, albeit two months late. Although appellant attempted to produce evidence to rebut the affidavit charging that he had not been working, the court revoked his probation solely on the basis of the affidavit charging appellant’s failure to file the June report. During the proceedings, appellant requested a probation revocation hearing pursuant to Florida Rule of Criminal Procedure 3.790(b) on the “failure to maintain employment” affidavit three times.
Appellant raised three issues on appeal: (1)Did the September 26, 1985 proceedings comply with the Rule 3.790(b) requirements for a probation revocation hearing? (2) Did the trial court err in failing to permit appellant to select to be sentenced under the pre-guidelines statute? and (3) Did the trial court err in failing to conform its written order to the court’s oral pronouncements? The state has conceded error on appellant’s second and third points.
A review of the transcript of the September 26, 1985 proceedings leads us to agree with the state that those proceedings complied with Rule 3.790. The court offered appellant the opportunity to be heard, and appellant did, in fact, testify regarding the affidavit on the failure to file timely reports. He admitted that he had filed the report late. Since the court chose to revoke appellant’s probation solely for his failure to file a timely June report, it had no need to take evidence on the other charges.
The state has conceded error that appellant should have been allowed to select the sentencing scheme under which he would be sentenced. (Wright v. State, 478 So.2d 524 (Fla.2d DCA 1985).) We agree and reverse and remand for resentencing. If appellant desires to be sentenced pursuant to the sentencing guidelines, he should affirmatively so select.
The state has also conceded that the court’s written order failed to conform with the evidence presented. On the authority of Brown v. State, 429 So.2d 821 (Fla.2d DCA 1983), we agree and remand to allow the trial court to strike those conditions alleged to have been violated, but which lack an evidentiary basis, and to enter a proper order of revocation.
Reversed and remanded for resentencing and to allow appellant to affirmatively select to be sentenced pursuant to the sentencing guidelines if he so desires and for the trial court to enter proper order of revocation reflecting only the condition found to have been violated.
LEHAN and FRANK, JJ., concur.