PER CURIAM.
The appellant was charged with attempted sexual battery, kidnapping, robbery and aggravated battery. Following adverse jury verdicts, he was sentenced to a term of 15 years imprisonment each, as to the counts of attempted sexual battery, robbery and aggravated battery, to run concurrently with each other. He was sentenced to a term of 99 years imprisonment on the kidnapping count to run concurrently with the sentence on the attempted sexual battery count. The trial court retained jurisdiction for a period of one-third of the total sentences. In the alternative, the trial court sentenced the appellant pursuant to the sentencing guidelines, departing therefrom and sentenced the appellant to three fifteen-year terms on the attempted sexual battery, robbery and aggravated battery counts and to 45 years on the kidnapping count, all sentences to run consecutively. In this instance the trial court retained jurisdiction over one-third of the cumulative sentences.
The appellant urges error in a prosecution comment in closing argument and in the sentencing, contending that he was entitled to be sentenced by his election with the preguidelines provisions of the statute, and that the trial court erred in retaining jurisdiction over one-third of each of the concurrent sentences. We affirm.
Evidence of the defendant’s guilt was overwhelming. He was immediately identified by the victim, and subsequently his photo was picked out of the lineup by the victim. He confessed at the scene of the crime and at the police station. Error, if any, in the prosecution comments was merely harmless in view of the overwhelming evidence. State v. Murray, 443 So.2d 955 (Fla.1984); Breines v. State, 462 So.2d 831 (Fla. 4th DCA 1985).
*163 As to the sentences, because the defendant elected to be sentenced by the preguideline statutory provisions for crimes committed prior to the effective date of the guidelines, this election should be honored. Parsons v. State, 470 So.2d 834 (Fla. 2d DCA 1985); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984); Rodriquez v. State, 458 So.2d 899 (Fla. 2d DCA 1984). The trial judge should only have retained jurisdiction over one-third of the sentence, wherein the greatest amount of time was given. Emshwiller v. State, 464 So.2d 1339 (Fla. 2d DCA 1985); Maddox v. State, 438 So.2d 959 (Fla. 2d DCA 1983); Section 947.16(4) Florida Statutes (1985).
Therefore, for the reasons above stated, that portion of the sentence that relates to alternative sentencing under the guidelines is stricken, and any retention of jurisdiction on the concurrent sentences is likewise stricken as amended. The adjudications and sentences under the preguideline statute are affirmed.