STONE, Judge.
The defendant was convicted of trafficking in cannabis. He claimed entrapment and moved for the pretrial disclosure of a confidential informant. Several hearings were held in which the officers testified as to the informant’s limited participation in the undercover operation. An in camera hearing was held with the informant in which defense counsel participated. The informant’s name was known to the defense, but the state would not disclose his address. The informant had worked on a dozen or more cases resulting in numerous convictions, and feared for his safety if his address were known. The defense sought thé address in anticipation that it might lead to impeachment information. The state did not plan to ask the informant to testify and had so advised the court. Before the start of the trial, the judge ordered the state to produce the informant for deposition. The state advised the court that they were not able to contact him. After the trial had started, the informant was produced by the state for deposition.
After the defendant testified, the state announced its intention to call the witness in rebuttal. A hearing was held pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), in which the court found that the state had acted in good faith and the defense had not been prejudiced. The witness had not been sequestered by the police nor the state. . The state then decided not to call the informant as a rebuttal witness, whereupon the defense elected to call him as their witness. The defense has failed to show prejudice. We find no abuse of discretion and no error. Richardson. See also Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).
The second point on appeal concerns a question asked of the defendant by the state attorney on cross-examination. The assistant state attorney asked the defendant, following direct testimony regarding the sale of guns, whether he had engaged in gunrunning. A motion for a mistrial was denied, and the defense rejected an offer of a curative instruction. Nevertheless, the court gave the instruction. The state’s question was clearly improper, however, the proof against defendant was overwhelming. As such, it is clear beyond a reasonable doubt that the misconduct did not contribute to the conviction. See State v. Diguilio, 491 So.2d 1129 (Fla.1986); *696 State v. Murray, 443 So.2d 955 (Fla.1984). With respect to the third issue raised, error, if any, was also harmless.
ANSTEAD and WALDEN, JJ., concur.