PER CURIAM.
We affirm Gilberto Bacallao’s convictions for two reasons. First, the curative instruction given by the court was entirely sufficient to cure any prejudice caused by the witness’s unsolicited comment indicating that he had been informed that Bacalloa was “a dangerous person.” See Hellman v. State, 492 So.2d 1368 (Fla. 4th DCA 1986); cf. Staten v. State, 500 So.2d 297 (Fla. 2d DCA 1986) (detective’s uninvited comment that defendant had been arrested on an unrelated crime remedied by curative instruction); Marshall v. State, 439 So.2d 973 (Fla. 3d DCA 1983) (curative instruction sufficient to dissipate any prejudicial effect caused by laboratory technician’s comment indicating that defendant had been arrested on a previous occasion). Second, the evidence pointing to the defendant’s guilt is so overwhelming that we may confortably conclude, beyond a reasonable doubt, that any error resulting from the comment was harmless. See Michaels v. State, 505 So.2d 694 (Fla. 4th DCA 1987); Llida v. State, 501 So.2d 162 (Fla. 3d DCA 1987).