PER CURIAM.
This cause is before us on appeal of a judgment revoking appellant’s probation and imposing an 18-month prison term. For the reasons set forth below, we vacate and remand for resentencing.
On April 24, 1981, the trial court placed appellant on five years’ probation after he pled guilty to a grand theft charge. On July 30, 1985, appellant’s parole officer filed a report alleging a variety of technical and substantive violations. The trial judge subsequently revoked appellant’s probation and ordered his imprisonment. Appellant’s crime occurred prior to October 1,1983, the date the sentencing guidelines became effective in Florida. The significant difference is that a sentence imposed prior to the guidelines allows for parole eligibility, while sentencing under the guidelines does not.
According to Section 921.001(4)(a), Florida Statutes, the record must indicate an affirmative election by the appellant to be sentenced under the guidelines if the crime occurred prior to the effective date of the statute. Appellant claims that he did not elect to be sentenced under the guidelines and that his sentence must be modified to reflect his eligibility for parole. The State asserts that the trial court did not impose the 18-month sentence pursuant to the guidelines, even though the record contains a sentencing guidelines scoresheet.
In Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984), the Second District held that, in circumstances such as these, the defendant must make a clear and unequivocal choice on the record to elect sentencing under the guidelines. Where the record is unclear, the case should be remanded to the trial court for another sentencing hearing. See also Kearse v. State, 501 So.2d 80 (Fla. 1st DCA 1987). Furthermore, in Finklea v. State, 470 So.2d 90 (Fla. 1st DCA 1985), this court held that a trial court has an affirmative duty to determine whether a defendant elects to be sentenced under the guidelines. Nothing in the record sub judice indicates clearly that appellant elected to be sentenced under the guidelines. Where the record is unclear, the cause must be remanded for resentenc-ing. Favors v. State, 473 So.2d 815 (Fla. 2d DCA 1985); McClatchie v. State, 482 So.2d 550 (Fla. 4th DCA 1986).
Accordingly, we vacate and remand for resentencing.
BOOTH, THOMPSON and WIGGINTON, JJ., concur.