DANIEL, Judge.
Appellant, Kelvin D. Williams, appeals from a judgment and sentence imposed upon him for violating the terms and conditions of his probation (community control). Appellant contends that the trial court erred in sentencing him under the sentencing guidelines. Fla.R.Crim.P. 3.701. We agree and remand for resentencing.
The appellant initially pleaded guilty to one count of burglary of a structure contained in an April 10, 1981, three count information and was placed on probation by the trial court for a period of five years. The order of probation also imposed certain “conditions of probation.”
On November 4, 1981, appellant was charged by the state with violating three conditions of probation.
In due course the trial court, on December 30, 1981, revoked appellant’s probation and on February 4, 1982, once again placed him on probation for a period of five years to run consecutively with a Duval County case.
On April 26, 1984, the state charged appellant with new violations of three conditions of probation, resulting in the trial court, on December 30,1985, placing him in a community control program for a period of twelve months. There followed, on April 23, 1986, charges by the state of violation of four conditions of appellant’s community control. As a result, the trial court adjudicated appellant guilty and pursuant to a guideline “scoresheet” sentenced him to five years incarceration. It *200 is from this judgment and sentence that appellant takes this appeal.
Sentencing guidelines may be utilized by a trial judge in sentencing for an offense committed prior to October 1, 1983 only if the defendant affirmatively selects to be sentenced under them. See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983). Such election as reflected in the record must be clear and unequivocal. Cahill v. State, 467 So.2d 366 (Fla. 2d DCA 1985); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984).
The state argues that the appellant was given a guideline sentence December 30, 1985, following revocation of probation based on the April 26, 1984 charging affidavit and that appellant, by failing to appeal that sentence, is estopped from now asserting his prior failure to “affirmatively select” to be sentenced under guidelines as a bar to his current sentence.
However, despite the fact that the record has been twice supplemented pursuant to sua sponte orders of this court, it still fails to disclose any selection by the appellant to be sentenced under the guidelines or an' opportunity given him to do so.
Since the record does not reflect clear and unequivocal selection by the appellant, at any stage, to be sentenced under the guidelines, we reverse and remand for re-sentencing. At sentencing the appellant may affirmatively select to be sentenced under the guidelines. If he does not, the court must resentence him according to the law in effect prior to the adoption of the guidelines.
REVERSED and REMANDED for re-sentencing.
SHARP, C.J., and COWART, J., concur.