SCHEB, Judge.
The defendant, Christopher Callihan, appeals the revocation of his probation and his five year sentence for possession and sale of cannabis, imposed after the court found he had violated his probation. Calli-han focuses his argument on his not selecting to be sentenced under the sentencing guidelines. Furthermore, he argues that even if he had chosen to be sentenced under the guidelines, the court imposed a sentence in excess of the presumptive guidelines sentence without issuing written reasons for departure. As we find that the defendant did not affirmatively select to be sentenced under the guidelines, we do not reach the departure issue.
Defendant’s offenses were committed before the sentencing guidelines became effective on October 1, 1983. Section 921.-001(4)(a), Florida Statutes (1983), forecloses the application of sentencing guidelines to crimes perpetrated prior to that date absent an affirmative selection by the defendant. The record reflects that when the court asked defense counsel if defendant chose to be sentenced pursuant to the guidelines, she said, “I can’t tell from my record whether they were elected previously or not ... I haven’t discussed this with Mr. Callihan. I would like to discuss it with him.” Moments later when the prosecutor said that “guidelines have been elected,” neither the defense counsel nor the defendant corrected that assertion. After defense counsel responded to the court’s questions about a guidelines departure case produced by the prosecutor, the judge sentenced the defendant with reference to a recommended guidelines sentence.
The state argues that the silence on the part of the defendant and his counsel suggests waiver or acquiescence, but from our view of the record, we believe it does not indicate the affirmative, clear, and unequivocal choice the statute requires. Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984). Nevertheless, since the court sentenced the defendant within the statutory maximum, a reversal of the sentence is not necessary.
*323 Accordingly, we affirm the defendant’s conviction and sentence with the proviso that the sentence shall be considered a nonguidelines sentence.
CAMPBELL, C.J., and LEHAN, J., concur.