PER CURIAM.
Robert Highsmith appeals the summary denial of his motion for postconviction relief. We reverse for further proceedings.
Of the various complaints raised in the motion, only one has possible merit. Hi-ghsmith alleges that his present nine year sentence constitutes a guidelines departure, that the sentence was imposed for an offense committed prior to the effective date of the sentencing guidelines, and that Highsmith never affirmatively requested to be sentenced under the guidelines.
If this matter were raised and proven on direct appeal, we would be compelled to reverse. See, e.g., Rodriguez v. State, 458 So.2d 899 (Fla. 2d DCA 1984). In the present case, however, there was no appeal, and this failure to appeal arguably should preclude Highsmith from raising the issue by way of Florida Rule of Criminal Procedure 3.850. See, e.g., Wahl v. State, 460 So.2d 579 (Fla. 2d DCA 1984); Chaplin v. State, 473 So.2d 842 (Fla. 1st DCA 1985). Nevertheless, we decline to affirm on this rationale because we believe the motion makes a prima facie showing of good cause why the issue has not been raised prior to now.
Highsmith has couched his argument in the context of “ineffective assistance of counsel,” claiming that his attorney never discussed the sentencing guidelines option with him either in conference or during the sentencing hearing. In fact, Highsmith states, he remained unaware he was serving a nonparolable sentence until the Parole Commission rejected a hearing examiner’s recommended release date for that reason. If this is true, and Highsmith otherwise felt he had no reason to appeal the *534 conviction, this type of error could go undiscovered until long after the time for appeal had expired. We cannot determine from the record before us that ineffective representation did not contribute to the result claimed by Highsmith.
Upon remand, the trial court should first examine the record to ascertain whether Highsmith affirmatively requested a guidelines sentence. If he did not, the court should then consider Highsmith’s claim that his counsel never discussed the sentencing guidelines option with him and allowed him to be given a guidelines sentence when he had never sought one. If Hi-ghsmith’s position is sustained, the court may either resentence him or simply remove the guidelines proviso from his existing sentence. - See Wright v. State, 478 So.2d 524 (Fla. 2d DCA 1985). Of course, if the trial court never intended to impose a guidelines sentence, it should simply correct Highsmith’s commitment documents accordingly. We reject Highsmith’s argument that he is entitled to a presumptive guidelines sentence, which he has independently computed at three and one-half years; a trial judge’s decision to exceed the guidelines must be raised, if at all, on appeal. Wahl. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Reversed.
GRIMES, A.C.J., and SCHOONOVER and SANDERLIN, JJ., concur.