PER CURIAM.
In January 1982 appellant was convicted of two counts of aggravated assault with a firearm. He was sentenced to five years in prison with a three-year minimum mandatory on each count, with the sentences to run consecutively. Appellant’s direct appeal was per curiam affirmed by this court in March 1983. In June 1983 appellant filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He alleged ineffective assistance of counsel on the grounds that trial counsel stipulated with the prosecutor to not attack the credibility of one of the police officers who was a main state witness, and that counsel failed to call defense witnesses. Appellant’s motion was denied by the trial court.
On appeal this court found that the issue regarding trial counsel’s failure to attack the credibility of the officer required more evidence conclusively demonstrating no relief, and remanded for the trial court to attach portions of the record or an eviden-tiary hearing. It appears that there was an evidentiary hearing held in March 1984. However, a transcript of the hearing was not attached to the court’s denial of the motion. Appellant was neither present nor represented by counsel at the March 1984 hearing. In August 1985 this court again remanded for an evidentiary hearing or attachment of portions of the record.
An evidentiary hearing was subsequently held in November 1985. The trial court determined that appellant’s presence was not required nor was it required that he be represented by counsel.
On this appeal appellant argues that the trial court erred in denying his 3.850 motion for post-conviction relief; that he had a right to be present at the November 1985 evidentiary hearing; and that he should have been represented by counsel. In Clark v. State, 491 So.2d 545 (Fla.1986), the supreme court citing State v. Reynolds, 238 So.2d 598 (Fla.1970), stated that it is within the trial court’s discretion to determine whether or not a prisoner should be present at a post-conviction relief hearing except when evidence is to be presented and the prisoner is not represented by counsel. The court further stated that in those circumstances the trial court’s discretion must be exercised consistent with the prisoner’s right to due process.
We find that under the circumstances of this case, appellant’s presence at the hearing was required. Accordingly, we reverse the trial court’s denial of appellant’s motion for post-conviction relief and remand with instructions to hold another evidentiary hearing with appellant present.
Reversed.
FRANK, A.C.J., and SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.