PER CURIAM.
Arba Earl Barr appeals the denial of his motion for postconviction relief. The motion alleged that Barr’s trial counsel, in recommending that Barr elect to be sentenced under the sentencing guidelines, failed to explain that Barr would thereby be ineligible for parole.* If true, this could constitute ineffective assistance of counsel. See, e.g., Highsmith v. State, 493 So.2d 533 (Fla. 2d DCA 1986).
The trial court conducted an evidentiary hearing on the motion. Barr’s trial counsel was the sole witness at the hearing. She stated that Barr “understood or it was explained to him the significance of [a] guideline sentence.” However, counsel admitted that she had “no specific recollections of the conversations that I had with Mr. Barr.” In denying the motion the trial court also referred to a prior pro se pleading submitted by Barr which, it is conceded, “does not specifically state he understood there would be no parole.”
On appeal Barr argues that he should have been present for the evidentia-ry hearing. See, e.g., Diggs v. State, 504 So.2d 792 (Fla. 2d DCA 1987). We agree. Given trial counsel’s ambiguous testimony regarding what was and was not said in her conversations with Barr, the opportunity to cross-examine and to offer testimony on his own behalf seems particularly appropriate. We express no opinion as to Barr’s additional contention that counsel should have been appointed to represent him at the hearing. The necessity for this is not so readily apparent, insofar as the sole issue presented by the motion is a relatively simple one which Barr appears to understand clearly. If, after remand, Barr should renew his request, the trial court should exercise its discretion using the standards set forth in Williams v. State, 472 So.2d 738 (Fla.1985) and Graham v. State, 372 So.2d 1363 (Fla.1979).
Reversed and remanded for a new evi-dentiary hearing.
RYDER, A.CJ., and LEHAN and PATTERSON, JJ., concur.

 The guidelines apparently recommended a sentence in the five-year range. However, the trial court departed from the recommendation and imposed a sentence of 114 years. The sentence has been affirmed in a previous appeal. Barr v. State, 473 So.2d 25 (Fla. 2d DCA 1985).