PER CURIAM.
Vann appeals the summary denial of his motion for postconvietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850 that raised two grounds, only one of which is facially sufficient. Vann alleged that he was denied effective assistance of counsel in that counsel erroneously advised him to plead to the charge of sexual battery where Vann denied the charge, there was no medical evidence to link him to the charge, and the state had advised defense counsel that the victim was unwilling to testify. This allegation, if true, might entitle Vann to relief.
The trial court summarily denied the motion, apparently on the basis that this was Vann’s third motion. While Vann admitted in this motion that he had previously filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), raising a guidelines error, there is no other indication that Vann has filed a motion pursuant to rule 3.850. The trial court failed to attach to its order portions of the record and files that conclusively refute Vann’s allegation or that demonstrate this motion is successive. See Stinyard v. State, 476 So.2d 277 (Fla.2d DCA 1985).
Accordingly, we reverse the order denying Vann’s motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that Vann is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Vann’s allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
DANAHY, A.C.J., and LEHAN and ALTENBERND, JJ., concur.