569 So.2d 867 (1990)
Donald VANN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02187.
District Court of Appeal of Florida, Second District.
November 9, 1990.
PER CURIAM.
Donald Vann appeals the denial of his motion for postconviction relief. We reverse.
The trial court originally denied the motion without an evidentiary hearing, finding that it was Vann's third. However, both previous motions sought only to correct the sentence and were filed under Florida Rule of Criminal Procedure 3.800(a), not rule 3.850. Thus, on appeal we held that the rule's proscription of successive motions was not applicable in this instance. Turning to the merits of the motion, we found that Vann had set forth a facially sufficient claim of ineffective assistance of counsel. Vann v. State, 561 So.2d 21 (Fla. 2d DCA 1990).
After remand, the trial court conducted a hearing on the motion. Vann was not present for that hearing, nor was an attorney appointed to represent him. After hearing from the prosecutor and from Vann's trial counsel, the court again denied the motion.
*868 The claim of ineffectiveness relates to counsel's recommendation that Vann enter a plea in this case. Vann was charged with sexual battery. He now states that he consistently maintained his innocence, but that he was addicted to crack cocaine and needed some kind of help. Counsel originally viewed this as a triable case, particularly since the alleged victim was refusing to cooperate with the state. Later, however, counsel informed Vann that the state had offered probation in exchange for his plea. Vann initially refused, but counsel asserted that Vann's prior record would result in a harsh sentence were he to be convicted at trial. Counsel also stated that the victim was not essential to the prosecution of the case. Finally, counsel assured Vann he could get drug treatment if he were placed on probation. Vann, who complains that adequate drug treatment was not forthcoming, was unable to comply with the requirements of his probation and, upon revocation, was sentenced to twenty-two years. Now Vann contends that there was no physical evidence linking him to the offense and thus that counsel should have known that no prosecution could go forward without a victim.
At the evidentiary hearing defense counsel suggested to the court that Vann should be present to cross-examine him regarding his representation. Instructed to proceed, he characterized the state's case as "sorry" but stated that Vann, who is black, was reluctant to face trial for assaulting a white victim. The victim was described as "upset" rather than uncooperative.
Vann argues, and we agree, that his presence was necessary at the evidentiary hearing, at least in the absence of court-appointed counsel. See, e.g., Clark v. State, 491 So.2d 545 (Fla. 1986); Barr v. State, 548 So.2d 819 (Fla. 2d DCA 1989). In so holding we express no opinion as to the credibility of counsel's testimony. Rather, we believe due process requires that such testimony be subject to cross-examination and/or rebuttal by whatever evidence Vann may seek to produce.
Reversed and remanded for a new evidentiary hearing.
CAMPBELL, A.C.J., and THREADGILL and PATTERSON, JJ., concur.