PER CURIAM.
Anthony Craig Thompson appeals the summary denial of a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Thompson’s motion, filed September 11, 1990, alleged that he pleaded guilty to second-degree murder and was sentenced to thirty years’ incarceration, with a three-year minimum mandatory requirement. Thompson contends that his plea was coerced in that his counsel told him that the sentencing judge told counsel that if Thompson did not plead, then he would be “given the chair.” The motion further states that after Thompson pleaded guilty to second-degree murder, his counsel told him that he could not have been given a death sentence. Thompson also alleges that the minimum mandatory sentence was not part of the plea bargain. If these allegations are true, then Thompson may be entitled to relief. See Dutton v. State, 504 So.2d 435 (Fla. 2d DCA 1987).
The trial court summarily denied the motion and attached to its order the transcript of what appears to be Thompson’s sentencing hearing on September 12, 1989, and the transcript of a September 20, 1990 proceeding, apparently held in response to Thompson’s rule 3.850 motion. Neither of these transcripts conclusively refutes Thompson’s allegations. Initially, it is not at all clear from the attached transcripts that Thompson was even present at either of the proceedings so transcribed. While the apparent sentencing transcript of September 12, 1989, does disclose that the minimum mandatory sentence was discussed, the transcript does not include a plea colloquy between the court and Thompson. With respect to Thompson’s allegation that his plea was coerced, the transcript of the *1099 September 20,1990 proceeding only reveals that the trial judge stated he would never say anything like that and thought the allegation “ludicrous.” The requirements of due process were not satisfied. See Vann v. State, 569 So.2d 867 (Fla. 2d DCA 1990).
Accordingly, we reverse the summary denial of Thompson’s motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that Thompson is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Thompson’s allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
RYDER, A.C.J., and LEHAN and PATTERSON, JJ., concur.