619 So.2d 350 (1993)
Lonnie LOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01134.
District Court of Appeal of Florida, Second District.
May 21, 1993.
PER CURIAM.
Lonnie Logan appeals the summary denial of his motion for postconviction relief. We reverse.
In 1991 Logan pled to numerous felony charges and received a sentence of twelve years. All but one of the issues raised in the present motion center around the guideline scoresheet used in connection with Logan's sentencing. For example, Logan contends that points were awarded under "prior record" for charges that did not result in convictions. He also claims that the scoresheet erroneously reflects the "primary offense" as a second degree felony, when in fact it is a third degree felony.
The state filed a response to the motion in which it asserted that Logan had raised these same claims in a previous motion to correct sentence. However, Logan would have been procedurally barred from raising via Florida Rule of Criminal Procedure 3.800(a) any matters which should have been preserved by contemporaneous objection. Lomont v. State, 506 So.2d 1141 *351 (Fla. 2d DCA 1987). Our holding in Lomont would preclude consideration, apart from plenary appeal, of either issue described above.
On the other hand, if trial counsel was apprised of these scoresheet errors, and made no effort to correct them, this could constitute ineffective assistance. Lanier v. State, 478 So.2d 1184 (Fla.2d DCA 1985). In fact, Logan makes exactly this claim. Moreover, he is not barred from doing so solely because he previously attempted to correct the sentence via rule 3.800(a). Vann v. State, 569 So.2d 867 (Fla.2d DCA 1990).
The state also contended that, even if Logan's assertions were true, the error is harmless. Since at least one of the case numbers below represented a violation of probation, the court could have "bumped" the recommended sentence by one cell. Fla.R.Crim.P. 3.701(d)(14). This argument is unavailing. Logan's guideline scoresheet indicates the "bump" authorized by rule 3.701(d)(14)  which is discretionary, not automatic  was not exercised at the time of sentencing. We cannot presume the trial court would have imposed the same sentence had the scoresheet errors been brought to its attention. Perhaps more importantly, Logan also states that he negotiated a plea for the low end of the recommended sentencing range. Cf. Johnson v. State, 523 So.2d 755 (Fla.2d DCA 1988). If the scoresheet is corrected as Logan suggests, he would fall into a lower range and might be entitled to a three-year reduction in his sentence.
A final issue, unrelated to the scoresheet problems, concerns Logan's discussions with counsel prior to entering his plea. Logan claims that he agreed to the plea only after counsel promised he would "only" serve about 2 1/2 years. In fact he expects to serve "a minimum of 3 to 4 years." He also states he was promised, incorrectly, that he would be eligible for controlled release. If these allegations are true Logan might be entitled to withdraw the plea. Cf. Tarpley v. State, 566 So.2d 914 (Fla.2d DCA 1990); Ray v. State, 480 So.2d 228 (Fla.2d DCA 1985). Neither the trial court's order nor the state's response addresses this particular claim.
After remand the trial court should re-examine the files and records in this case to determine whether anything therein conclusively refutes Logan's claims that (a) his scoresheet was incorrectly calculated; (b) counsel knew of, and failed to correct, the error(s); and (c) counsel made unfulfillable promises about the amount of time Logan would actually serve in prison. If so, the court may again deny the motion, attaching to its order whatever exhibits it has relied upon. Otherwise, an evidentiary hearing may be necessary. Any party aggrieved by the subsequent action of the trial court must file a timely notice to obtain further appellate review.
Reversed.
RYDER, A.C.J., and FRANK and PATTERSON, JJ., concur.